Tony ROCHA d/b/a The Plumber, Appellant,

v.

William MERRITT, Appellee.

No. 01-87-00200-CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 2, 1987.

Jeffrey W. Gillespie Houston, for appellant.

C.K. Stephenson, Stephenson-Anderson & Associates, Bellaire, for appellee.

Before WARREN, SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

The sole issue in this appeal is whether the trial court improperly awarded attorney's fees to the appellee. The judgment awarded the appellant $1,200 as payment for services performed under an agreement with the appellee, plus $3,900 in attorney's fees. The appellee asserted several counterclaims to the appellant's cause of action in the court below, but obtained favorable jury findings on only one claim, for which the trial court awarded him $150 in damages. In his only point of error, the appellant argues that the court erred in additionally awarding the appellee attorney's fees in the amount of $4,300, when the appellee allegedly did not prevail on any claim for which attorney's fees may properly be awarded.

■ Attorney's fees are recoverable only if the claimant finally obtains judgment. *Siegler v. Williams,* 658 S.W.2d 236, 240 (Tex.App.—Houston [1st Dist.] 1983, no writ). This general rule also applies to counterclaims, and a party who does not recover on his counterclaim is not entitled to attorney's fees. *See Fenwal, Inc. v. Mencio Sec., Inc.,* 686 S.W.2d 660, 666 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). A party is not precluded from recovering attorney's fees merely because his own recovery is entirely offset by the amount awarded to the opposing party. *Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649 (Tex.1985); *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985).

The appellee homeowner asserted various counterclaims against the appellant in connection with the performance of an agreement to render various plumbing and sewer line services. The case was submitted on special issues, and the only damages issue that the jury answered in appellee's favor was that the appellant or his agents, servants, or employees negligently caused damage to the appellee's air conditioner in the amount of $150.00. In his only point of error, appellant characterizes this as a recovery on a negligence claim and argues that attorney's fees were therefore not properly recoverable.

No statement of facts is before this Court, and it is the appellant's burden to bring forward a record sufficient to support his claims on appeal. *See* Tex.R. App.P. 53(k). In the absence of a statement of facts, we must presume that the evidence supports the judgment. *See Huber v. Ryan,* 627 S.W.2d 145 (Tex.1981); *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968). The jury findings contained in the transcript indicate that the damage to the appellee's air conditioner occurred in the course of appellant's work under the agreement to provide plumbing and sewer repair services.

■ A party to a contract to perform services owes a common law duty to perform with ordinary care, and negligent omission or commission relating to the performance of the contract is a tort as well as a breach of contract. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947); *Coastal Constr. Co. v. Tex-Kote, Inc.,* 571 S.W.2d 400, 405 (Tex. Civ.App.—Waco 1978, writ ref'd n.r.e.). Thus, a claim for damages caused as a consequence of negligence in the performance of services under the agreement may be characterized as a claim in contract and/or tort.

Section 38.001 of the Texas Civil Practice & Remedies Code (Vernon 1986) allows recovery of reasonable attorney's fees if the claim is for, *inter alia,* services rendered, labor performed, or breach of an oral or written contract. Section 38.005 provides that the statute is to be liberally construed in order to promote its underlying purposes. We find that the claim for damage to the appellee's air conditioner, resulting from negligence that occurred while appellant or his agents or employees performed services under the agreement, is properly construed as a contract as well as a tort claim under the cases cited above and thus

is included within the scope of section 38.-001.

The jury found that a reasonable amount of attorney's fees for the appellee was $4,300. Although this amount appears to be disproportionate to the damage award, the appellant has not asserted a point raising the issue of excessiveness, or that the amount of attorney's fees was not properly allocated between the appellee's various claims. *See Bullock v. Kehoe,* 678 S.W.2d 558, 560 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Any such claims have thus been waived, and without a statement of facts, we cannot evaluate them in any event.

We conclude that the trial court did not err in entering its judgment for attorney's fees, and we overrule appellant's sole point of error.

The judgment of the trial court is affirmed.