cappel 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00481-CV







Mark Cappel, Appellant



v.



Publications and Communications, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 488,687, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellee Publications and Communications, Inc. ("PCI") sued appellant Mark
Cappel, its former employee, for breach of contract, misuse of confidential information, and
misappropriation of proprietary information. A jury found for PCI, and the trial court awarded
damages and attorney's fees. Cappel appeals solely on the issue of the attorney's fees awarded. 
We will affirm.



BACKGROUND


 PCI hired Cappel in 1986 to be managing editor of NCR Monthly, a newspaper
published for users of NCR computers. On December 1, 1988, Cappel was promoted to editor-in-chief of The Sun Observer, a newspaper published by PCI, which focused on the market for
computers manufactured by Sun Microsystems. Cappel's new responsibilities included managing
the editorial content of The Sun Observer, writing feature stories, and contracting for free-lance
columnists. This promotion was contingent upon Cappel's agreeing to a new employment contract
with PCI, which Cappel signed on May 10, 1989. The agreement contained a covenant
prohibiting Cappel from working for a competitor of PCI for three years in the event that he left
PCI. The agreement also prohibited Cappel from disclosing confidential company information
for five years.

 In early 1990, Roger Strukhoff, the publisher of SunWorld, a magazine owned by
International Data Group Communications ("IDG"), offered Cappel a job with SunWorld. On
June 22, 1990, Cappel left PCI to become senior editor of SunWorld. PCI subsequently sued
Cappel for breach of contract, misuse of confidential information, and misappropriation of
proprietary information, and later joined IDG and Integrated Media, Inc. ("IMI"), a subsidiary
of IDG, as defendants. 

 At trial, PCI alleged that Cappel breached his employment contract with PCI by
accepting the senior editor position at SunWorld (1) and by providing confidential information to
IDG. PCI also alleged that Cappel, IDG, and IMI conspired against PCI. The jury found that
Cappel breached his employment agreement with PCI, (2) but awarded PCI no damages for this
breach. (3) The jury also found that IDG and IMI intentionally interfered with Cappel's employment
agreement. (4) Although the jury did not find that the defendants conspired against PCI, it did find
that Cappel, IDG, and IMI misused confidential information and misappropriated proprietary
information belonging to PCI. (5) The jury awarded PCI $125,000 for the misuse of confidential
information and the misappropriation of proprietary information. (6) Subsequently, the court
awarded PCI attorney's fees against Cappel for $468,898.50. (7) By four points of error, Cappel
appeals this award, claiming: (1) PCI did not prevail on a claim for which attorney's fees are
recoverable; (2) the trial court wrongfully disregarded the jury's finding that Cappel's breach of
contract caused zero damages; (3) the trial court should have required PCI to segregate its fees
to exclude those fees that PCI was not entitled to recover; and(4) the trial court erred by
concluding that PCI's claims could not be segregated into time spent on the different causes of
action.



DISCUSSION


 In his first point of error, Cappel contends that PCI was not entitled to recover
attorney's fees because PCI did not prevail on a claim for which attorney's fees are recoverable. 
Although attorney's fees generally are not recoverable in civil suits, a trial court may award
attorney's fees if the claim is for "an oral or written contract." Tex. Civ. Prac. & Rem. Code
Ann. § 38.001(8) (West 1986). (8) Cappel argues that under section 38.001(8), attorney's fees may
only be recovered when damages have been awarded for a breach of contract. Cappel contends
that because the jury did not award PCI damages for Cappel's breach of the employment contract,
the trial court improperly awarded attorney's fees to PCI.

 PCI responds that damages need not be awarded for a breach of contract in order
to recover attorney's fees. PCI contends that attorney's fees may be recovered if the trier of fact
finds a breach of contract and awards damages for a tort arising out of that breach. See Gill Sav.
Ass'n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex. App.--Houston [14th Dist.] 1989), aff'd
as modified, 797 S.W.2d 31 (1990); see also Schindler v. Austwell Farmers Coop., 829 S.W.2d
283, 288 (Tex. App.--Corpus Christi), aff'd as modified, 841 S.W.2d 853 (Tex. 1992); Rodgers
v. RAB Invs. Ltd., 816 S.W.2d 543, 551 (Tex. App.--Dallas 1991, no writ); Wilson v. Ferguson,
747 S.W.2d 499, 504 (Tex. App.--Tyler 1988, writ denied).

 In Gill Savings Ass'n, the court of appeals upheld an award of attorney's fees
despite the trial court's failure to award damages for a breach of contract. 783 S.W.2d at 680. 
The court reasoned that because there was a claim for and a finding of breach of contract and
because the trial court awarded damages for a tort arising out of that breach, attorney's fees were
recoverable. Id. Similarly, in Rodgers, the court upheld an award of attorney's fees because the
jury found a breach of contract and awarded damages for a tort claim arising out of that contract. 
816 S.W.2d at 551-52.

 Although we agree with Cappel that recovery of attorney's fees is governed by §
38.001(8), we disagree with his interpretation of this statute. A party need not be awarded
damages for a breach of contract in order to recover attorney's fees. Attorney's fees may be
recovered if the trier of fact has found a breach of contract and has awarded actual damages for
a tort claim arising out of that contract. See Gill Sav. Ass'n, 783 S.W.2d at 680. In the instant
case, Cappel's employment agreement provided the basis for PCI's tort claim. Cappel had a
contractual duty not to disclose confidential information. When Cappel failed to fulfill this duty,
he not only breached his contract with PCI; he also committed the torts of misuse of confidential
information and misappropriation of proprietary information. These torts clearly arise from his
contractual duty not to disclose PCI's trade secrets.

 Section 38.001(8) permits recovery of reasonable attorney's fees for any claims
involving a written or oral contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West
1986). Because the jury found a breach of contract and because it awarded PCI $125,000 in
damages for misuse of confidential information and misappropriation of proprietary information,
the requirements for recovering attorney's fees under section 38.001(8) were satisfied. As the
Wilson court stated, "Although the recovery in the instant case is in tort, an award of attorney fees
is permissible since there was a claim for and a finding of breach of contract, and the tort
complained of arose out of that breach." 747 S.W.2d at 504. We conclude that the trial court
properly awarded attorney's fees to PCI, and we overrule Cappel's first point of error. We also
overrule Cappel's second point of error because damages for breach of contract are not required
for a court to award attorney's fees.

 In his third and fourth points of error, Cappel contends that PCI had a duty to
segregate its attorney's fees to exclude fees for claims for which it was not entitled to recover. 
Specifically, Cappel argues that PCI should not be able to recover attorney's fees for time spent
pursuing its covenant not to compete claim. Because the trial court ultimately concluded that this
covenant was unreasonable as to time, geographical area, and scope of activity, and granted IMI's
motion for summary judgment on this claim, Cappel contends that the trial court's failure to
exclude the time spent on this claim in awarding attorney's fees is error. However, the supreme
court has recognized an exception to the duty to segregate attorney's fees: "[W]hen the causes
of action involved in the suit are dependent upon the same set of facts or circumstances and thus
are `intertwined to the point of being inseparable,' the party suing for attorney's fees may recover
the entire amount covering all claims." Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11-12
(Tex. 1991) (quoting Gill Sav. Ass'n, 783 S.W.2d at 680); see Village Mobile Homes, Inc. v.
Porter, 716 S.W.2d 543, 552 (Tex. App.--Austin 1986, writ ref'd n.r.e.) (party can recover all
attorney's fees even though under some causes of action attorney's fees are not recoverable). PCI
asserts that it had to present essentially the same evidence for both claims, and that the crux of
each covenant's breach involved Cappel's use of PCI's confidential information while employed
by a PCI competitor. We agree with PCI that these claims are inextricably intertwined. They
evolved out of the same set of facts--Cappel's employment dispute with PCI. Therefore, the trial
court properly awarded PCI all of its attorney's fees, and we overrule Cappel's third and fourth
points of error.



CONCLUSION


 We conclude that the award of attorney's fees to PCI was proper because PCI
prevailed on a claim for which attorney's fees may be recovered. We also conclude that the trial
court properly refused to segregate the attorney's fees because PCI's claims were inextricably
intertwined. The trial court's judgment is affirmed.

 


 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995 

Do Not Publish
1. [1]  The trial court granted IMI's motion for summary judgment that the covenant not to compete
was unenforceable as to time, geographical area, and scope of activity.
2. [2]  Question 1: Did Cappel fail to comply with section 8(c) [the covenant not to disclose
confidential information] of his employment agreement with PCI?


Answer: Yes
3. [3]  Question 2: What sum of money, if any, if paid now in cash, would fairly and reasonably
compensate PCI for its damages, if any, that resulted from Cappel's failure to comply with section
8(c) of the employment agreement? Consider the following elements of damages, if any, and none
other. Do not include in your answer any amount that you find PCI could have avoided by the
exercise of reasonable care:


(1) loss of profits from July 1990 to the present;


(2) loss of future profits;


(3) diminution in value of PCI's publication, The Sun Observer;


Do not add any amount for interest on past damages, if any.


Answer in dollars and cents: $0.00
4. [4]  Question 3: Did any of the following intentionally interfere with section 8(c) of the
Employment Agreement between Cappel and PCI?


 Interference is intentional if committed with the desire to interfere with the contract or with
the belief that interference is substantially certain to result.


Answer "yes" or "no" as to each Defendant.


IDG Yes


IMI Yes
5. [5]  Question 9: Did any of the following Defendants use the confidential information and/or
trade secrets of PCI for their own account without authorization from PCI?

Answer "Yes" or "No" as to each defendant.


Cappel Yes


IDG Yes


IMI Yes


 Question 13: Did any of the following misappropriate proprietary information of PCI? The
term misappropriation means the wrongful taking and use of another's property.


Answer "Yes" or "No" as to each Defendant.


Cappel Yes


IDG Yes


IMI Yes
6. [6]  Question 15: What sum of money, if any, if paid in cash, do you find would fairly and
reasonably compensate PCI for its damages and losses, if any, proximately caused by either the
misappropriation of proprietary information or the conspiracy to misappropriate proprietary
information of PCI?


 You are instructed that proximate cause means a cause which, in a natural and continuous
sequence, produces an event, and without which cause the event would not have occurred. In
order to be a proximate cause, the act or omission must be such that a person using ordinary care
would have foreseen that the event, or some similar event, might reasonably result therefrom. 
There may be more than one proximate cause of an event.


Consider the following elements of damages, if any, and none other:


(1) loss of profits from July 1990 to the present;


(2) loss of future profits;


(3) diminution in value of PCI's publication, The Sun Observer;


Do not add any amount for interest on past damages, if any.


Answer in dollars and cents, if any: $125,000.00
7.   PCI did not seek to recover attorney's fees from IDG and
IMI because they were not parties to the contract between PCI and
Cappel, and thus could not be sued under Tex. Civ. Prac. & Rem.
Code Ann. § 38.001(8) (West 1986), which allows recovery for claims
arising out of an oral or written contract. 
8.   Section 38.001 provides:


A person may recover reasonable attorney's fees from an
individual or corporation, in addition to the amount of a
valid claim and costs, if the claim is for: 

. . . 


(8) an oral or written contract.