Donald K. CRAWFORD, Shelcy Mullins, Sr., Shelcy Mullins, Jr., William E. Allison, Jr., the Airplane Company, and the Tractor Company, Appellants,

v.

KELLY FIELD NATIONAL BANK, Appellee.

No. 04–85–00529–CV.

Court of Appeals of Texas, San Antonio.

Jan. 28, 1987.

John T. Arnold, Roanoke, Va., for appellants.

Thomas Crofts, Jr., San Antonio, Tex., for appellee.

Before ESQUIVEL, DIAL and CHAPA, JJ.

## ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM.

Appellee, Kelly Field National Bank (Bank), the plaintiff below, has filed a motion in this Court to affirm the lower court judgment or dismiss the appeal of that judgment, TEX.R.APP.P. 60(a)(1), for the reason that the lower court has entered an order striking appellants' pleadings for failure to comply with orders of the court relating to post-judgment discovery proceedings. The motion is denied.

Bank brought suit against the various defendants-appellants on a promissory note and separate guaranty agreements that they had executed. The case was tried to the court on stipulated facts, and on August 9, 1985, judgment was entered in favor of the Bank against defendants. A motion for new trial was filed by defendants and was denied by the court on November 14, 1985.

Defendants perfected their appeal to this Court but did not file a supersedeas bond. While the appeal is pending, Bank has attempted to take discovery from defendants to aid in the enforcement of the judgment. TEX.R.CIV.P. 621a. On December 2, 1986, the trial court entered an order granting the motion of Bank to sanction defendants for failing "to properly answer plaintiff's first set of interrogatories in aid of judgment and to otherwise comply with orders of this court." As sanction for their failure to permit discovery the trial court ordered that the defendants' pleadings in the entire cause be stricken.

Bank, in its motion to affirm or dismiss this appeal, argues that the effect of the December 2, 1986, order was to entitle it to a no-answer default judgment, which it requests this Court to "effectuate" by granting its motion to affirm or dismiss. In the alternative, the Bank contends that we must grant its motion because in the absence of pleadings the defendants are in no position to complain of the judgment.

■ Once an appeal is perfected, this Court acquires exclusive plenary jurisdiction over the case. *Robertson v. Ranger Insurance Co.*, 689 S.W.2d 209, 210 (Tex. 1985). Thereafter, while the matter is pending in this Court, the trial court may not exercise any power to alter or modify the judgment except as permitted under TEX.R.CIV.P. 329b(d), which allows the trial court to grant a new trial or modify the judgment within thirty days after it is signed, or TEX.R.CIV.P. 329b(e), which extends the court's jurisdiction to take these actions until thirty days after all timely motions have been overruled. *McGehee v. Epley*, 661 S.W.2d 924, 925 (Tex.1983).

In addition to this limited post-judgment jurisdiction, the Court Rules also give trial courts the power to supervise discovery proceedings in aid of the judgment:

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court ... the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pretrial matters, and the rules governing and related to such pretrial discovery proceedings shall apply in like manner to discovery proceedings after judgment.... Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pretrial discovery proceedings insofar as applicable.

TEX.R.CIV.P. 621a. Included in the discovery sanctions permitted under Rule 621a for post-judgment discovery abuse is the power of the trial court to enter "an order striking out pleadings or parts thereof." TEX.R.CIV.P. 215(2)(b)(5).

The jurisdiction to enter an order imposing sanctions under Rule 621a was discussed by the Supreme Court in *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982), where the Court distinguished between the power of a trial court to modify its judgment and its power to enforce it:

While the trial court's power to vacate, modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is signed, the court's power to enforce its judgment is not so limited. *See* Rule 308. The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments. *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex.1979). That power is part of the court's jurisdiction, and the court may employ suitable methods to enforce its jurisdiction. *See Hunt Production Co. v. Burrage*, 104 S.W.2d 84, 86 (Tex.Civ.App.—Dallas 1937, writ dism'd). Rule 621a is an aid to

the enforcement of the court's judgment, and the trial court has continuing jurisdiction over such matters as set forth in the rule.

Similarly, in *Smith v. Smith*, 720 S.W.2d 586 No. 01–85–0989–CV (Tex.App.—Houston [1st Dist.] 1986, no writ), the Court held that the power of the trial court to impose post-judgment discovery sanctions must be exercised within the limits of its jurisdiction to modify its judgments such that where the effect of the sanction is to modify the judgment, it must be imposed within the period of time that the court retains plenary jurisdiction over its judgments:

In applying Rule 621a and the Texas Supreme Court's holding in *Arndt* to the present case, it is clear that the trial court had continuing authority to impose Rule 215 sanctions against appellant Charles William "Chick" Smith, Sr. for post-judgment discovery abuse. It is apparent that the trial court did possess the authority to strike pleadings as a sanction. However, while the court has continuing authority to impose sanctions, the authority to strike pleadings and modify the judgment as a post-judgment sanction is restricted by the time limitation placed on the court's plenary power. *See* Rule 329b(f).

We concur in the interpretation given to the applicable court rules by the Houston Court of Appeals in *Smith*. A trial court may not strike the pleadings of an appellant as a post-judgment discovery sanction after its plenary power to vacate or modify the judgment has expired. To permit a trial court to do so after the jurisdiction of the court of appeals has attached would effectively deny this Court its lawful jurisdiction in the case.

Accordingly, we hold that the provisions of the December 2, 1986, order of the trial court which strike appellants' pleadings are void. *Ex parte Trick*, 576 S.W.2d 437, 439 (Tex.Civ.App.—San Antonio 1978, no writ). The remainder of that order, including the provisions that assess attorney fees against appellants and that require them to respond to certain requests for discovery,

are not before this Court, and we express no opinion as to them.

Appellee's motion to dismiss or affirm is denied.