**Roland L. GOAD, Appellant,**

v.

**Mary Beth GOAD, Appellee.**

**No. 9680.**

Court of Appeals of Texas, Texarkana.

Feb. 28, 1989.

Rehearing Denied Feb. 28 and March 28, 1989.

## PER CURIAM.

Roland Goad appeals from an order of the district court dismissing his suit for want of jurisdiction. Goad had instituted a suit seeking an order to quash, dissolve, and recall a "writ of garnishment" and an order to require restitution.[1]

The defendant, Mary Goad, filed a plea to the jurisdiction and an answer to the petition in which she sought sanctions for frivolous litigation. The trial court entered orders on May 20, 1988, dismissing Roland Goad's suit for want of jurisdiction and imposing sanctions in the amount of the attorney's fees incurred by Mary Goad in defending the litigation, $1,548.00. Roland Goad then filed a motion for new trial which was denied on August 1, 1988. On appeal he contends that the trial court erred by dismissing his suit for want of jurisdiction and by imposing sanctions.

■ By the parties' divorce decree of September 19, 1980, Mary Goad was awarded, *inter alia,* 12/27th of the military retirement benefits received by Roland Goad. Roland Goad did not appeal from this order, and the divorce decree became final.[2] The record shows that in 1985 Mary Goad applied to the Department of the Air Force for direct withholding of her fractional interest of the retirement pay, pursuant to 10 U.S.C. § 1408. The Air Force Accounting and Finance Center in Denver, Colorado, then instituted direct payments. Neither the Air Force Accounting Center nor the United States government was made a party to the instant action. These direct payments to Mary Goad are what Roland Goad termed a "writ of garnishment" in his petition. Mary Goad correctly

Roland Lee Goad, Huntsville, for appellant.

Mary L. Sinderson, Houston, for appellee.

1. Roland Goad represented himself in the court below and represents himself on appeal.

2. The divorce decree became final prior to the Supreme Court's decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (federal law precludes state courts from dividing nondisability military retirement pay pursuant to its community property laws). Roland Goad, relying upon *McCarty,* asserts that military retirement benefits are not a species of property subject to division upon divorce. Divorce decrees predating the *McCarty* decision

are not subject to attack on the basis of *McCarty. Wilson v. Wilson,* 667 F.2d 497 (5th Cir.), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3485, 73 L.Ed.2d 1368 (1982); *Segrest v. Segrest,* 649 S.W.2d 610 (Tex.), *cert. denied,* 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983); *Trahan v. Trahan,* 682 S.W.2d 332 (Tex.App.—Austin 1984, writ ref'd n.r.e.), *appeal dism'd,* 475 U.S. 1002, 106 S.Ct. 1171, 89 L.Ed.2d 291 (1986); *Tyson v. Alexander,* 672 S.W.2d 624 (Tex.App.—Amarillo 1984, no writ).

contends that his claim is an effort to make an impermissible collateral attack on the judgment of September 19, 1980.

In her plea to the jurisdiction, Mary Goad challenged the court's jurisdiction, inter alia, on the ground that the writ was non-existent. A court with general judicial powers may not entertain jurisdiction of a particular case if no state of facts exist which would authorize the court to exercise its jurisdiction. *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 430 (1932). A review of the record indicates that the trial court did not err in its determination that it lacked subject matter jurisdiction on the basis that Goad failed to allege a cause of action cognizable in a Texas district court. His pleadings do not allege a garnishment order issued by any jurisdiction.[3] Accepting the pleadings as true, they merely allege actions by the Air Force accounting center as authorized by 10 U.S.C. § 1408. Upon dissolution of marriage, this federal act provides for the State court to make a determination of the division of the property. This was done in previous litigation. The Act does not give the State court jurisdiction to supervise the performance of the duties specifically delegated to the Armed Forces. Furthermore, this Act does not create the procedural mechanism to reopen a final state court judgment. *Allison v. Allison,* 690 S.W.2d 340, 345 (Tex.App.—Fort Worth 1985) *writ ref'd n.r.e.,* 700 S.W.2d 914 (Tex.1985). We overrule appellant's first point of error.

■ Roland Goad contends in his second point of error that the trial court erred by imposing sanctions pursuant to Tex.R.Civ.P. 13. He first argues that the trial court effectively deprived itself of jurisdiction to enter sanctions by dismissing his action. The inherent plenary power to deal with sanctions after the entry of the judgment is recognized in Rule 13 which allows the trial court to withdraw sanctions at any time prior to the expiration of the trial court's plenary power. Thus, a trial court may impose sanctions after a judgment has been entered. *Lindley v. Flores,* 672 S.W.2d 612 (Tex.App.—Corpus Christi 1984, no writ). Goad also contends that the order imposing sanctions is void because it constitutes a second final judgment in contravention of Tex.R.Civ.P. 301. Although the imposition of sanctions could be properly included within a judgment, an order imposing sanctions is not a judgment. *Lindley v. Flores, supra.* Thus, a trial court can enter a separate order concerning sanctions before or after the final judgment in the proceeding.

■ Roland Goad asserts the trial court failed to comply with Tex.R.Civ.P. 166a when imposing sanctions. Tex.R.Civ.P. 13 does not refer to summary judgment procedures. The appellant offers no authority for the proposition that summary judgment procedures must be followed, and we find none. He specifically complains that he was not provided notice of the imposition of sanctions as required by Tex.Civ.Prac. & Rem.Code Ann. § 9.012 (Vernon Supp. 1989). Chapter 9 of this Code has been repealed insofar as it conflicts with Tex.R. Civ.P. 13. Rule 13 does not explicitly require prior notice and would permit the trial court to impose sanctions *sua sponte.* Furthermore, he had notice that Mary Goad was seeking sanctions by her original answer which included a prayer for sanctions. The record also indicates that he was present at the hearing on the plea to the jurisdiction and sanctions in which the

---

3. Garnishment is a remedial statutory means by which a judgment creditor may enforce the collection of a money judgment from the non-exempt property of a judgment debtor in the hands of a third party. *Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039 (1937); W. Dorsaneo, 2 Texas Litigation Guide § 42.01 (1988). The *Beggs* case is cited in Black's Law Dictionary for the definition of garnishment. The Texas Supreme Court unfortunately used the word *garnished* to apply to a spouse's attainment of her interest in military retirement benefits. However, under Texas community property law, the spouse has an ownership right in the retirement proceeds, and thus an account receivable based upon a division of the community property. This would technically not be a garnishment because the spouse is not a judgment creditor, but obtained the judgment as a declaration of her ownership rights in the proceeds. A federal court also used the term *garnishment* in reference to a direct payment from the military of a portion of retirement pay. *Simanonok v. Simanonok,* 787 F.2d 1517 (11th Cir.1986).

court granted the defendant's motion on sanctions.

■ Roland Goad further complains that, in imposing sanctions, the trial court improperly took judicial notice of all previous proceedings between the parties in Brazos County, Texas. On May 12, 1988, eight days prior to the motions hearing, Mary Goad filed defendant's request for judicial notice. In this request, she provided information on four prior cases between the parties in Brazos County. A court must take judicial notice of adjudicative facts if a party so requests and provides the necessary information. Tex.R.Evid. 201(d). A trial court may take judicial notice of its own records in the same or closely related cases. *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961); *Fajkus v. First National Bank of Giddings,* 735 S.W.2d 882, 887 (Tex.App.—Austin 1987, writ denied). Three of the other proceedings were closely related cases in the district court of Brazos County. The fourth case was filed in the county-court-at-law of Brazos County, and the fifth case was in a federal district court. The specific nature of each of these proceedings is set forth in an affidavit of Mary Goad's attorney submitted to the trial court.[4] The record indicates that Roland Goad did not avail himself of Tex.R.Evid. 201(e) by requesting an opportunity to be heard as to propriety of the court's taking judicial notice of these adjudicative facts, nor did he object to the court taking judicial notice of these cases. We find no error, but even if the trial court erred, the error was waived.

Lastly, Roland Goad complains that the affidavit of Mary Goad's attorney, which detailed the fees and expenses charged to her client, was not based upon personal knowledge. This contention is without merit because the attorney necessarily had personal knowledge of these charges. We overrule appellant's second point of error and all contentions thereunder.

■ Pursuant to Tex.R.App.P. 84, Mary Goad requests this Court to award damages to her because the appellant has taken this appeal for delay and without sufficient cause. This rule provides in part:

In civil cases where the court shall determine that an appeal or writ of error has been taken *for delay and without sufficient cause,* then the appellate court may, as part of its judgment, award each prevailing appellee or respondent an amount not to exceed ten percent of the amount of damages awarded to such appellee or respondent as damages against such appellant or petitioner. (Emphasis added.)

Tex.R.App.P. 84. This action was appellant's sixth suit against Mary Goad pertaining to her receipt of military retirement benefits as ordered in the final divorce decree.[5]

In reading Roland Goad's brief, as well as his pleadings in the court below, we

---

4. Some authorities contend that a request for judicial notice does not need to be in a form that is admissible in evidence. *See* Wellborn, *Judicial Notice Under Article II of the Texas Rules of Evidence,* 19 St. Mary's L.J. 1, 18 (1987), and sources cited therein.

5. The previous actions as indicated in the record are as follows:

(1) In July 1982, Roland Goad instituted a suit in the district court of Brazos County seeking to vacate the portion of the decree pertaining to the award of a fractional interest of military retirement benefits to Mary Goad.

(2) Roland Goad brought an action challenging the district court's jurisdiction of Brazos County to hold him in contempt for refusing to pay the ordered portion of the benefits to Mary Goad. *See, Ex parte Goad,* 690 S.W.2d 894 (Tex.1985).

(3) He brought an action in the district court of Brazos County, urging that Mary Goad's request for direct payment of her fractional interest of the benefits by the Air Force was a writ of garnishment which he sought to have quashed.

(4) In the county-court-at-law of Brazos County, he filed a suit claiming that the divorce decree did not meet federal requirements with respect to the award of military retirement benefits. This action was transferred to the district court and consolidated with (3). It was then removed to federal district court where it was ultimately dismissed.

(5) Roland Goad brought an action in United States District Court alleging a violation of his civil rights by the enforcement of the payment of benefits through contempt proceedings. This action is pending.

believe that Roland Goad possessed sincere personal expectations of prevailing. However, whether the matter is groundless and thus without sufficient cause must be decided on the basis of objective legal expectations, and to hold otherwise would be to reward Roland Goad for failing to get legal advice and failing to evaluate his allegations properly in the light of binding legal precedents. We find Roland Goad's appeal to be without sufficient cause.

Rule 84, however, requires not only that the appeal be taken without sufficient cause, but that it be done for the purposes of delay. Inasmuch as the record indicates that Mary Goad's receipt of her portion of the retirement pay has not been interrupted or delayed by this suit, we cannot find that this appeal delayed Mary Goad's benefits. However, we do not interpret this rule to allow sanctions only in the event of a delay of benefits to the opposing party. Sanctions can also be invoked when there is an attempt further to delay the resolution of the dispute and the completion of the litigation. The fact that this is the sixth proceeding on this subject matter, not including the original decree that made the property division, convinces us that Roland Goad is intent upon continuing litigation against his ex-spouse despite judicial rulings. We believe that this type of delay justifies sanctions on appeal, and we award Mary Goad sanctions in the amount of double the court costs.

We affirm the order of the trial court and order Roland Goad to pay double the costs on the appeal in sanctions.