**William WOLMA and Carl Pipoly, Relators,**

v.

**Honorable Charles GONZALEZ, Respondent.**

No. 04–91–00609–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1991.

Carl Pipoly, San Antonio, for relators.

George W. Mauze, II, Law Offices of George W. Mauze, II, San Antonio, for respondent.

Before BUTTS, CHAPA and CARR, JJ.

ON RELATORS' PETITION FOR WRIT OF MANDAMUS

CHAPA, Justice.

Relators bring this original mandamus proceeding challenging a trial court order imposing TEX.R.CIV.P. 13 sanctions against them. Because relators had an adequate remedy in an appeal of the sanction order, mandamus will not lie.

Relator, William Wolma, sued the real party in interest for malpractice. The second relator is Carl Pipoly, Wolma's attorney in the malpractice suit. The parties to the malpractice suit subsequently reached a settlement agreement whereby Wolma nonsuited his claim. Respondent, the Honorable Charles Gonzalez, accepted the settlement agreement and signed an agreed

judgment that Wolma take nothing against the real party in interest.

 The real party in interest then filed a motion for Rule 13 sanctions against relators alleging that the malpractice suit was groundless. Respondent signed an order granting the sanctions 31 days after he had signed the agreed judgment. Relators argue that respondent had no jurisdiction to sign the sanction order because his plenary power had expired 30 days after the agreed judgment was signed. TEX.R.CIV.P. 329b(d).

While respondent's plenary power to alter the agreed judgment may have expired, that fact did not affect his jurisdiction to grant Rule 13 sanctions. "Plenary power" refers to a court's power to change its judgment. *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988); TEX.R.CIV.P. 329b(d), (e). That power is not at issue in this case; respondent's sanction order did not alter or modify the agreed judgment. Rule 13 sanctions are collateral matters unrelated to the merits of the case out of which they arise.

Rule 13 provides in part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both....

Rule 13's counterpart is FED.R.CIV.P. 11, and we may look to the federal courts' interpretation of that rule in interpreting our Rule 13. *See* Kilgarlin, Quesada & Russell, *Practicing Law in the "New Age": The 1988 Amendments to the Texas Rules of Civil Procedure*, 19 TEX.TECH L.REV. 881, 882 (1988). A Rule 11 sanction is not a judgment on the action's merits, but simply requires the determination of a collateral issue, which may be made after the principal suits's termination. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990) (approved Rule 11 sanctions entered by trial court 3½ years following voluntary dismissal of the cause of action). Because a Rule 11 motion is a collateral and independent claim, it need not be filed within the time period for filing motions to alter or amend the judgment. *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 485 (8th Cir.1988), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2101, 104 L.Ed.2d 662 (1989).

Texas authority also holds that a Rule 13 sanction may be imposed after a judgment has been entered. *Goad v. Goad*, 768 S.W.2d 356, 358 (Tex.App.—Texarkana 1989, writ denied), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). An order granting Rule 13 sanctions may be entered following a voluntary non-suit. *P.N.L., Inc. v. Owens*, 799 S.W.2d 439, 441 (Tex.App.—El Paso 1990, no writ).

A Rule 11 sanction is complete when the pleading complained of is filed; a voluntary dismissal does not expunge the violation. *Cooter & Gell*, 110 S.Ct. at 2455. In discussing the policies underlying Rule 11 the Supreme Court said:

Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and investigate more carefully before serving and filing papers."

*Id.* at 2457.

If, as in this case, the challenged conduct is the institution of the suit itself, the question generally is not decided until after the litigation in order to avoid delaying the

disposition of the merits of the case. 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D § 1337 (1990). *See also* Advisory Committee Note, reprinted in 97 F.R.D. 198, 200–01 (1983). While the imposition of sanctions could properly be included within a judgment, it may be done in a separate post-judgment order. *Goad,* 768 S.W.2d at 358.

Relators cite *Crawford v. Kelly Field Nat'l Bank,* 724 S.W.2d 899 (Tex.App.—San Antonio 1987, no writ) as authority for the proposition that sanctions may not be imposed by a trial court after the expiration of its plenary power. *Crawford* is not in point. In that case the trial court struck the defendant's pleadings as a post-judgment discovery sanction under TEX.R.CIV.P. 621a after its plenary power had expired. The trial court's judgment was, at the time of its sanction order, before this court in an appeal brought by the defendant. While recognizing a trial court's continuing authority to supervise post-judgment discovery proceedings in the absence of a supersedeas bond, we held that an order striking a litigant's pleadings after our exclusive jurisdiction had attached was void. Had the trial court been allowed to strike the defendant's pleadings, it would have had the effect of modifying its judgment by entitling the plaintiff to a no-answer default judgment. It would have undermined the plaintiff's right to seek appellate relief and would have effectively denied this court its lawful jurisdiction of the appeal. *Id.* at 901. When the effect of a sanction is to modify the judgment, it must be imposed within the period of the court's plenary jurisdiction. *Id.* Because respondent's Rule 13 order in no way modified the agreed judgment, the present case is not controlled by *Crawford.*

■ A post-judgment order disposing of all matters placed before the trial court in the post-judgment motion is a final and appealable order. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986); *Starr v. Starr,* 690 S.W.2d 86, 88 (Tex.App.—Dallas 1985, no writ). The sanction order in this case disposed of all matters raised in the motion for sanctions. Thus, if relators had a com-plaint concerning the sanction order, their remedy is by appeal. Mandamus will not lie when the remedy by appeal is adequate. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990, orig. proceeding); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 829 (1961, orig. proceeding).

The only other argument raised by relators is that the court's order did not meet the particularity requirement of Rule 13. Rule 13 requires that the trial court state in its order the particulars of the good cause found for imposing sanctions. This is an argument properly raised in an appeal of the order, and we express no opinion regarding its merits in this proceeding.

■ At oral submission, relators called our attention to our opinion in *GTE Communications Sys. Corp. v. Curry,* 819 S.W.2d 652 (Tex.App.—San Antonio, 1991, orig. proceeding), a mandamus proceeding in which we held that a Rule 13 order was defective because it failed to comply with the particularity requirement. In *GTE* the trial court ordered defendant's pleadings stricken and ordered defendant to pay $150,000 in attorney fees upon entry of a final judgment. We accepted mandamus jurisdiction because these sanctions were imposed prior to final judgment and because they would have precluded the defendant's presentation of its defense. When sanctions are imposed that have the effect of precluding decision on the merits of a party's claims or defenses, and such order is not immediately appealable, the party sanctioned may seek review by writ of mandamus. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 920 (Tex. 1991). That is not the situation in the present proceeding.

The petition for writ of mandamus is denied.