Roy SCHEXNIDER and Christine Schexnider, Appellants,

v.

SCOTT & WHITE MEMORIAL HOSPITAL, d/b/a Scott & White Memorial Hospital; Scott & White Clinic, d/b/a Scott & White Clinic; Allan E. Nickel, M.D.; Emmett Mackan, M.D.; Elias J. Fanous, M.D.; Paul Wuthrich, M.D.; Thomas Coburn, M.D.; Wade Leon Knight, M.D.; Larry Price, D.O.; Randall W. Smith, M.D.; James C. Robinson, M.D.; G.B. Drake, M.D.; S.K. O'Sullivan, M.D.; J.M. Stoebner, M.D.; Franklin G. Pratt, M.D.; Mark E. Lawrence, D.O.; John P. Eberts, M.D.; Robert E. Fusselman, M.D.; Johnny L. Montgomery, M.D.; Troy H. Williams, M.D.; Jose Rodriguez, M.D.; Eberhard Samlowski, M.D.; Lea G. Naul, M.D.; Frederick W. Rupp, M.D.; William R. Carpenter, M.D.; Brenda Peabody, M.D.; Ben Chlapek, M.D.; Kenneth Kindle, D.O.; John R. Randall, D.O.; Russell J. Pischinger, M.D.; Michael L. Nipper, M.D.; James H. Heriot, M.D.; and George Martinez, M.D.; Appellees.

No. 03–94–00771–CV.

Court of Appeals of Texas, Austin.

Sept. 20, 1995.

Rehearing Overruled Oct. 25, 1995.

---

Michael L. Davis, Green & Black, L.L.P., Houston, TX, Jimmy Williamson, Houston, TX, for appellants.

Lisa L. Havens–Cortes, Bowmer, Courtney, Burleson, Normand & Moore, Temple, TX, for appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

POWERS, Justice.

Plaintiffs Roy and Christine Schexnider appeal from a summary-judgment order in favor of Scott & White Memorial Hospital, Scott & White Clinic, Allen E. Nickel, M.D., and James H. Heriot, M.D. They appeal as well from a sanction ordered by the trial court against Robert D. Green, their attorney in the suit. We will reverse both the summary-judgment order and the sanction order.

## THE CONTROVERSY

Spohn Hospital admitted then released Roy Schexnider on his complaint of abdominal pain. Scott & White admitted and released Schexnider on the same complaint in addition to nausea and vomiting. Other admissions and releases by Scott & White followed. Exploratory surgery at Scott & White finally revealed that Schexnider's difficulties were due to a small hole in his bowel and an intra-abdominal infection.

The Schexniders sued Scott & White Memorial Hospital, Scott & White Clinic, Allen E. Nickel, M.D., and James H. Heriot, M.D. to recover damages. For convenience, we shall refer to these as the "Scott & White defendants." The Schexniders also sued twenty-nine other physicians. For reasons that will become apparent, we shall refer to them as the "dismissed defendants." [1] Against all the defendants, the Schexniders alleged causes of action for negligence and gross negligence.

All the defendants moved for summary judgment. Schexnider dismissed the twenty-nine by taking a non-suit as to them. The trial court thereafter sustained the motion for summary judgment. Three weeks later, the dismissed defendants joined the Scott &

---

1. The other defendants were: Emmett Mackan, M.D.; Elias J. Fanous, M.D.; Paul Wuthrich, M.D.; Thomas Coburn, M.D.; Wade Leon Knight, M.D.; Larry Price, D.O.; Randall W. Smith, M.D.; James C. Robinson, M.D.; G.B. Drake, M.D.; S.K. O'Sullivan, M.D.; J.M. Stoebner, M.D.; Franklin G. Pratt, M.D.; Mark E. Lawrence, D.O.; John P. Eberts, M.D.; Robert E. Fusselman, M.D.; Johnny L. Montgomery, M.D.; Troy H. Williams, M.D.; Jose Rodriguez, M.D.; Eberhard Samlowski, M.D.; Lea G. Naul, M.D.; Frederick W. Rupp, M.D.; William R. Carpenter, M.D.; Brenda Peabody, M.D.; Ben Chlapek, M.D.; Kenneth Kindle, D.O.; John R. Randall, D.O.; Russell J. Pischinger, M.D.; Michael L. Nipper, M.D.; and George Martinez, M.D. The Schexniders also sued Spohn Hospital and numerous doctors that rendered treatment to Roy in that hospital; however, these defendants were dismissed from the suit before the Scott & White defendants and the other defendants jointly moved for summary judgment.

White defendants in a motion requesting sanctions against Green. After hearing, the trial court sustained the sanctions motion in favor of the dismissed defendants only and ordered that Green pay them $25,000. This appeal ensued.

## DISCUSSION AND HOLDINGS

The Schexniders' first, second, and third points of error complain the trial court erred in sustaining the summary-judgment motion.[2] The motion for summary judgment averred only that appellees were "entitled to summary judgment as a matter of law because the uncontradicted summary judgment evidence establishes the absence of any negligence" and a want of proximate cause. The motion stated *no specific grounds justifying a* summary judgment. *Cf.* Tex.R.Civ.P. 166a(c) (motion for summary judgment must "state the specific grounds therefor."). Nor did the summary judgment specify the ground or grounds upon which it was rendered. No complaint was made at the trial level regarding the foregoing. The judgment might rest on a theory that the summary-judgment record negated, as a matter of law, each element of the Schexniders' negligence actions. We find the record makes no such showing as to the elements of duty and damages; moreover, the parties do not in their appellate briefs address these elements. *See Garcia v. Robinson,* 817 S.W.2d 59, 60 (Tex.1991).

■ The parties join issue, instead, on whether the summary-judgment record negated, as a matter of law, the remaining elements of a negligence action, namely: (1) a failure to meet the applicable standard of care and (2) proximate cause. The pertinent parts of the summary-judgment record are numerous physicians' affidavits accompanying the motion for summary judgment. All of the affiants were parties when the affidavits were filed with the motion for summary judgment. A summary judgment may rest upon such expert parties' uncontradicted affi-

davits when their declarations are clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could readily have been controverted. Tex. R.Civ.P. 166a(c); *see Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). The affiants may not, however, state merely that they know the standard of care and conclude that it was met. They "must state what the standard is and say what was done to meet it. . . . Affidavits that merely state conclusions are insufficient." *Armbruster v. Memorial Southwest Hosp.,* 857 S.W.2d 938, 941 (Tex.App.—Houston [1st Dist.] 1993, no writ).

■ We turn to the declarations made in the physicians' affidavits in the present case. We find that all the affidavits are conclusory regarding the standard of care and what was done to meet it. The following are examples.

Dr. Nickel, Roy's primary physician, stated in his affidavit as follows:

> I am familiar with the standard of care that is applicable to the examinations and treatments of Roy Schexnider. In my opinion, each of the examinations and treatments that I performed were in accordance with the appropriate standard of care for such, and were the same examinations and treatments which would have been performed by a reasonably prudent physician, acting under the same or similar circumstances. In my opinion, because of the several bouts of recurrent peritonitis that Mr. Schexnider suffered before the final Serratia peritonitis and the exudative peritonitis related to the Serratia infection, I do not believe that Mr. Schexnider would ever have been a candidate for peritoneal dialysis following his dismissal from Spohn Hospital (the institution where his peritoneal dialysis catheter was removed). . . .

Dr. Heriot, an intern-physician in nephrology, stated as follows:

**2.** The standards for reviewing a motion for summary judgment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

I am familiar with the standard of care applicable to medical services rendered by Scott and White residents on rotation, and I am familiar with the standard of care that is applicable to the types of examinations, treatments, and medical services that are to be performed on patients admitted into the Scott and White Nephrology Service for treatment of bacterial peritonitis. Each of the examinations and treatments which I performed on Mr. Schexnider were in accordance with the appropriate standards of care for such, and were the same examinations and treatments that would have been performed by a reasonably prudent physician acting under the same or similar circumstances.

We therefore sustain the Schexniders' first, second, and third points of error.

■ In their remaining eight points of error, the Schexniders complain the trial court abused its discretion in sustaining the dismissed defendants' Rule 13 motion for sanctions.[3] The trial court determined that the

plaintiffs' pleadings, notice letters, and suit were groundless and brought in bad faith and for the purposes of harassment as to all non-party movants. The excuses offered are not supported by the facts. The Court further finds that there is good cause for imposing sanctions against plaintiffs' attorney, Robert D. Green, under Rule 13, Texas Rules of Civil Procedure. The particular acts or omissions which justify sanctions and constitute good cause for sanctions are: A groundless petition brought against the non-party movants

that is in bad faith and brought for the purposes of harassment.

The issue on appeal is whether the trial court abused its discretion in sustaining the dismissed defendants' motion for sanctions filed *after* they had been dismissed from the suit and after the Scott & White defendants had recovered summary judgment. We believe Texas Rule of Civil Procedure 162 controls the issue. Rule 162 provides as follows:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, *pending at the time of dismissal,* as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

Tex.R.Civ.P. 162 (emphasis added). A motion for sanctions is " 'pending' from the time the motion is filed until it is finally and conclusively disposed of." *Tri–M Erectors, Inc. v. Clearwater Constructors, Inc.,* 788 S.W.2d 906, 908 (Tex.App.—Austin 1990, writ denied).[4] It is undisputed that (1) no motion

---

**3.** Rule 13 provides in part as follows:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith.

No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law....
Tex.R.Civ.P. 13.

**4.** By including the phrase "as determined by the court," it is evident that the trial court is afforded a certain amount of discretion in deciding whether a non-suit may be used to avoid sanctions. *See 1 Texas Civil Practice* § 4.21, at 454 (Diane M. Allen et al. eds., 1992 ed.). In the present cause, however, there were no sanctions to avoid when the non-party movants were dismissed.

for sanctions was pending at the time a non-suit was taken as to the dismissed defendants, and (2) the motion for sanctions was filed at a time when the trial court retained plenary jurisdiction over the cause.

It is contended that sanctions may be ordered at any time after final judgment so long as the trial court retains plenary jurisdiction. *See Hjalmarson v. Langley,* 840 S.W.2d 153 (Tex.App.—Waco 1992, orig. proceeding); *Goad v. Goad,* 768 S.W.2d 356 (Tex.App.—Texarkana 1989, no writ), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). In *Hjalmarson,* the court held that a trial court was without jurisdiction to order sanctions after expiration of the court's plenary power to reinstate. That holding is obviously correct. It does not, however, pertain to the fact that no motion for sanctions was pending when the dismissed defendants were non-suited. In such cases, any claim for sanctions not filed at the time of non-suit is barred unless and until the cause is reinstated. *See Hjalmarson,* 840 S.W.2d at 156 (criticizing *Wolma v. Gonzalez,* 822 S.W.2d 302 (Tex.App.—San Antonio 1991, orig. proceeding)).[5] Similarly in *Goad* sanctions ordered after final judgment but before the court's plenary power expired were held proper; however, the motion for sanctions was pending when the plaintiff's action was dismissed. 768 S.W.2d at 358.

Relying on *Goad,* 768 S.W.2d at 358, and *P.N.L., Inc. v. Owens,* 799 S.W.2d 439, 441 (Tex.App.—El Paso 1990, no writ), the *Wolma* court stated that Rule 13 sanctions may be imposed after judgment has been rendered and after a non-suit has been granted. In both *Goad* and *P.N.L.,* however, the motion for sanctions was pending at the time of the dismissal. Nevertheless, the *Wolma* court refused to issue a writ of mandamus denying sanctions where a motion for sanctions was not pending at the time of non-suit, and a sanctions order was not signed before the expiration of the court's plenary power.

We reject the court's reasoning in *Wolma* because we believe it conflicts with Rule 162 of the Texas Rules of Civil Procedure. In our view, *Hjalmarson,* 840 S.W.2d at 156, expresses the law correctly. Because no motion for sanctions was pending at the time of appellants' voluntary non-suit, we hold the trial court abused its discretion in sustaining the motion. We therefore sustain the Schexniders' fourth, fifth, and sixth points of error. In light of our disposition of the foregoing points of error, we need not address the remaining points of error.

We reverse the summary judgment and remand the cause to the trial court and reverse the trial court's order for sanctions and order that the non-party movants take nothing by their motion.

---

5. In *Wolma,* parties to a malpractice suit entered into a settlement agreement by which Wolma non-suited his claim against his former attorney. The trial court accepted the settlement agreement and signed an agreed take-nothing judgment against the attorney. After the court's ple-

nary power had expired, the attorney filed a Rule 13 motion for sanctions alleging that the malpractice suit was groundless. The court refused to issue a writ of mandamus because relators had an adequate remedy by appeal of a sanction order. 822 S.W.2d at 302–04.