TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00641-CV







Saundra Smith, Appellant



v.



Ronald Bolen, D.D.S., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-14616, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Plaintiff Saundra Smith appeals from a summary judgment in favor of her dentist
Ronald Bolen. We will affirm the judgment in part, reverse the judgment in part, and remand the
cause to the trial court.



THE CONTROVERSY


 Bolen treated Smith for approximately seven years before he installed in her mouth
a lower-partial denture (the "denture") and three crowns on September 13, 1989. After
installation of the denture, Smith had aesthetic concerns about the size of the crown on tooth
number 27. After discussions with Smith, Bolen installed a smaller crown on August 7, 1990,
and re-seated the denture on September 20, 1990. Between September 1990 and September 1993,
Smith visited Bolen several times complaining the denture did not fit. Bolen made adjustments
to the denture, replaced the attachment clips, and repaired the crown and post on tooth number
27 when they broke in May 1993. He never fully corrected Smith's denture problems, however,
and on November 23, 1994, she sued Bolen alleging six claims of negligence and one claim of
breach of an oral contract. 

 Bolen moved for summary judgment on the grounds that: (1) Smith's negligence
claims were barred by the statute of limitations and the summary-judgment record conclusively
negated essential elements of those claims; (1) and (2) her breach-of-contract claim was barred by
the statute of frauds and statute of limitations. In support of his motion for summary judgment,
Bolen filed his own affidavit and another by William Kaylakie, D.D.S. In response, Smith filed
her affidavit and another by Timothy Bradbury, D.D.S.

 Bolen moved to strike Smith's affidavits because of their hearsay and conclusory
statements. After a hearing, the trial court sustained Bolen's motion to strike. The trial court also
sustained Bolen's motion for summary judgment, but did not specify the grounds upon which it
was rendered. This appeal ensued.

 In point of error one, Smith asserts the trial court erred in granting summary
judgment because the summary-judgment record shows: (1) there is a factual dispute as to
whether Smith's negligence claims are barred by the statute of limitations; (2) Bolen's affidavits
are legally insufficient to disprove the elements of her negligence claims; and (3) there is a factual
dispute as to whether Smith's breach-of-contract claim is barred by the statute of frauds or the
statute of limitations. In point of error two, Smith contends the trial court erred in striking her
affidavits.

THE LIMITATIONS STATUTE


 We have conformed our opinion to the peculiar terms and usages contained in the
Texas Medical Liability and Insurance Improvement Act. See Tex. Rev. Civ. Stat. Ann. art.
4590i (West Pamph. 1996) (the "Act"). Section 10.01 of the Act declares that "no health care
liability claim may be commenced unless the action is filed within two years from the occurrence
of the breach or tort or from the date the medical or health care treatment that is the subject of the
claim or the hospitalization for which the claim is made is completed." Id. § 10.01. Section 1.03
of the Act defines the term "health care liability claim" to mean:



[A] cause of action against a health care provider or physician for treatment, lack
of treatment, or other claimed departure from accepted standards of medical care
or health care or safety which proximately results in injury to or death of the
patient, whether the patient's claim or cause of action sounds in tort or contract.



Id. § 1.03(a)(4).



DISCUSSION AND HOLDINGS


 We review the record under the familiar precepts: (1) a movant for summary
judgment has the burden of showing there is no genuine issue of material fact and he is entitled
to judgment as a matter of law; and (2) every reasonable inference from the record must be
indulged in favor of the nonmovant and any doubts resolved in his favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When a trial court does not specify the
ground on which it granted summary judgment, the judgment will be affirmed on any meritorious
theory asserted in the motion that proves conclusively that the nonmovant cannot prevail. Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Therefore, Bolen is entitled to summary judgment
if the record disproves at least one of the essential elements of each of Smith's claims or if it
conclusively establishes the elements of an affirmative defense. See Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995); Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990).



The Negligence Claims


 In her original petition, Smith alleged against Bolen the following grounds of
negligence:


(1) defective design, manufacture, and installation of the denture; 


(2) defective design, manufacture, and installation of the clips attaching the
denture to the crowned teeth; 


(3) failure to diagnose the denture upon subsequent inspection as defectively
designed, manufactured, and installed; 


(4) failure to diagnose the clips attaching the denture to the crowned teeth as
defectively designed, manufactured, and installed; 


(5) defective design, manufacture, and installation of the crown on tooth number
27; and, 


(6) defective design, manufacture, and installation of the post that should have
attached the aforementioned crown to tooth number 27.



On appeal, Smith does not dispute summary judgment as to grounds one and two; she concedes
a claim on those grounds is barred by the statute of limitations. Smith contends, however, that
the limitations period had not expired as to the remaining negligence grounds when she filed suit
in November 1994. The Act provides an absolute two-year limitations period for medical
malpractice claims. See Act § 10.01; Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985). The
statutory period begins (1) the date the breach or tort occurred; (2) the date the health-care
treatment that is the subject of the claim is completed; or (3) the date hospitalization, for which
the claim is made, is completed. See Act § 10.01. When the facts establish the precise date of
a specific breach or tort, the limitations period begins that date. See Kimball v. Brothers, 741
S.W.2d 370, 372 (Tex. 1987). If, however, the injury occurs during a course of treatment for
a particular condition and there is no readily ascertainable date for the breach or tort, the statutory
period begins the last day the health-care provider sees the patient. Id. These situations generally
arise in suits alleging misdiagnosis or mistreatment. Id. 

 Smith's claims five and six, regarding the defective crown and post on tooth
number 27, contain no allegations of negligence in the continuing care and treatment of Smith that
would cause the limitations period to begin on February 23, 1994, the last date she saw Bolen. 
Smith contends instead that the statutory period began to run when an injury resulted from the
defective crown and post because at that point her cause of action for negligence accrued. (2) 
However, within the peculiar meaning of the Act, "tort" does not refer to the conventional time
a cause of action "accrues." See Morrison, 699 S.W.2d at 208. Rather, breach or tort refers to
the act or omission on which the claim is based, and the statutory period begins on the date of the
act or omission if the date is readily ascertainable. Id. There is no dispute that the allegedly
defective crown and post were installed, as designed and manufactured, on August 7, 1990. 
Because this is a readily ascertainable date, the statutory period began against claims five and six
on that date. We therefore hold that summary judgment was proper as to those claims because
the limitations period expired August 7, 1992, and Smith did not file suit until November 23,
1994. 

 For claims three and four, concerning Bolen's failure to diagnose as defective the
denture and clips, the controlling issue for limitations purposes is whether the post-installation
visits to Bolen for retention problems constituted a course of health-care treatment. Bolen argues
the limitations period began September 20, 1990, the date the denture was seated. Smith contends
the subsequent visits to Bolen for retention problems constitute continuing treatment and thus her
lawsuit was timely filed. The nature of the claims suggests a situation where there is no readily
ascertainable date for Bolen's alleged breach of duty. Therefore, we conclude that a disputed
issue of material fact precluded summary judgment on claims three and four insofar as the two-year statute of limitations is concerned.

 Summary judgment was nevertheless proper on claims three and four because
Bolen's affidavits negated, as a matter of law, Smith's claim that he breached the applicable
standard of care. We are not persuaded by Smith's argument that Bolen's affidavits are legally
insufficient to sustain summary judgment because they are conclusory. As required, both Bolen's
and Kaylakie's affidavits set out the affiants' professional experience and qualifications to perform
procedures such as those at issue here; they state the applicable standard of care and they conclude
Bolen met or exceeded that standard. See Tex. R. Civ. P. 166a(c); Anderson v. Snider, 808
S.W.2d 54, 55 (Tex. 1991); Duncan v. Horning, 587 S.W.2d 471, 473-74 (Tex. Civ. App.--Dallas
1979, no writ). Smith is correct in her argument that an affiant may not merely state the standard
of care and conclude it was met. See Schexnider v. Scott & White Memorial Hosp., 906 S.W.2d
659, 661 (Tex. App.--Austin 1995, no writ). Rather, an expert-opinion affidavit is competent
summary-judgment evidence only if the expert (1) explains how the standard was or was not met
or (2) sets out in detail what actions he took or should have taken to meet it. See Downing v.
Gully, 915 S.W.2d 181, 184 (Tex. App.--Fort Worth 1996, writ denied); Armbruster, 857 S.W.2d
at 941. Bolen's affidavits meet these requirements. In his affidavit, Bolen describes what
actions he took to diagnose Smith's recurring retention problems. (3) We believe Bolen's description
of the course of action he took to diagnose Smith's problems is sufficient to explain how Bolen
met the applicable standard of care and, therefore, to explain his conclusion that he acted in
accordance with the standard. Furthermore, Kaylakie's affidavit controverted Smith's assertion
that Bolen should have diagnosed the denture and clips as defective when Smith had continuing
retention problems. Cf. Armbruster, 857 S.W.2d at 942 (defendant did not controvert claim that
he should have diagnosed broken bone in plaintiff's foot). Kaylakie stated "precision attachments,
such as those used on Mrs. Smith, are very difficult to seat, and it is not uncommon for a patient
to have difficulty getting these attachments to fit." We hold that Bolen's and Kaylakie's affidavits
taken together provide sufficient factual and explanatory support to conclusively negate the
breach-of-duty element of Smith's allegations of negligence under claims three and four.

 Because Bolen's affidavits established a right to judgment as a matter of law, the
burden shifted to Smith to interpose any matter that would preclude summary judgment. See City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Smith's affidavit and
Bradbury's expert-opinion affidavit create a factual dispute as to whether Bolen breached the
standard of care and thereby injured Smith. Because the trial court struck the Smith and Bradbury
affidavits, however, Bolen's and Kaylakie's affidavits stood uncontradicted on those issues. In
point of error two, Smith complains the trial court erred in striking her affidavit and that of
Bradbury. 

 Smith's affidavit is not sufficient to create a factual dispute because it states medical
opinions and conclusions that the record does not show her qualified to make. See Greene v.
Thiet, 846 S.W.2d 26, 33 (Tex. App.--San Antonio 1992, writ denied). The striking of the
affidavit is therefore harmless even if it was error. In his affidavit, Bradbury merely concludes,
without explanation or supporting facts, that Bolen breached the applicable standard of care and
that such breach was the proximate cause of Smith's harm. (4) Because Bradbury's affidavit is
impermissibly conclusory, we hold the trial judge did not err in striking it. See Downing, 915
S.W.2d at 185; Schexnider, 906 S.W.2d at 661; Armbruster, 857 S.W.2d at 941. Summary
judgment on claims three and four was therefore proper based on Bolen's uncontradicted
affidavits. See Tex. R. Civ. P. 166a(c); Gorrell v. Texas Utils. Elec. Co., 915 S.W.2d 55, 59
(Tex. App.--Fort Worth 1995, no writ); Anderson, 808 S.W.2d at 55. We overrule point of error
two. 

 In light of the foregoing, we also overrule point of error one insofar as it assigns
error to the trial court's summary judgment on Smith's negligence claims. 




The Contract Claim


 Bolen moved for summary judgment on the ground that the statute of frauds
precluded Smith's enforcement against him of his obligations under an unwritten contract for
medical services. See Act § 1.03; Tex. Bus. & Com. Code Ann. § 26.01(b)(8) (West 1987 &
Supp. 1996); Jeffery v. Walden, 899 S.W.2d 207, 212 (Tex. App.--Dallas 1993), rev'd in part,
907 S.W.2d 446, 448 (Tex. 1995). In Smith's response to Bolen's motion, she contended her
payment in full of all Bolen's invoices for his services amounted to full or part performance
precluding enforcement of the statute of frauds against her claims. See Estate of Kaiser v.
Gifford, 692 S.W.2d 525, 527 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.) (full
performance by one party to oral contract removes contract from prohibitions of statute of frauds);
Carmack v. Beltway Dev. Co., 701 S.W.2d 37, 40 (Tex. App.--Dallas 1985, no writ) (part
performance may, under certain conditions, require equitable enforcement of unwritten contract);
see also Texas Co. v. Burkett, 296 S.W. 273, 278 (Tex. 1927). 

 The burden lay upon Bolen to establish as a matter of law his affirmative defense
based upon the statute of frauds. See Vest v. Gulf Ins. Co., 809 S.W.2d 531, 533 (Tex.
App.--Dallas 1991, writ denied); Clear Creek, 589 S.W.2d at 679. The summary-judgment record
does not show with reasonable certainty all the rights and obligations of the parties constituting
the unwritten contract under which Bolen rendered his services and Smith paid for them. 
Consequently, Bolen did not carry his burden of negating as a matter of law Smith's pleas of full
and part performance taking the case out of the statute of frauds. We therefore hold the summary
judgment may not be sustained on the basis of the statute of frauds. 

 Bolen moved for summary judgment, however, on the alternate ground that the
breach of contract claim was barred as a matter of law by either a two-year or four-year statute
of limitations. (5) Bolen contends that because the alleged contract only encompassed the design,
manufacture, and installation of the denture which occurred with the original seating of the
denture on November 13, 1989, or the subsequent seating on September 20, 1990, the breach-of-contract claim is barred by either limitations statute. Smith rejoins that each time Bolen failed to
correct the denture problems constituted a separate breach of a common law duty to perform with
ordinary care the terms of the contract. See Rocha v. Merritt, 734 S.W.2d 147, 148 (Tex.
App.--Houston [1st Dist.] 1987, no writ). The summary-judgment record does not show the scope
or requirements of the alleged contract. As a result, we cannot determine whether the parties
agreed respecting only the installation of the denture or whether the contract also required follow-up care. We hold, therefore, that a genuine issue of material fact exists precluding judgment as
a matter of law that the limitations period expired on Smith's contract claim. Because summary
judgment was not proper on the basis of either affirmative defense asserted by Bolen, we sustain
the remainder of point of error one.

 We therefore affirm the trial-court judgment as to Smith's negligence claims. We
reverse the judgment as to Smith's contract claim and remand that claim to the trial court for
proceedings not inconsistent with our opinion. See Tex. R. App. P. 81(b)(1).



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith 

Affirmed in Part; Reversed and Remanded in Part

Filed: August 28, 1996

Do Not Publish
1.   The elements of a medical-negligence claim are: (1) a duty to conform to a certain
standard of care; (2) a failure to conform to the required standard; (3) actual injury; and (4)
a reasonably close causal connection between the conduct and the injury. See, e.g.,
Armbruster v. Memorial S.W. Hosp., 857 S.W.2d 938, 940 (Tex. App.--Houston [1st Dist.] 1993,
no writ). In this case, the record addresses only the elements of breach of duty and proximate
cause.
2.   There must be an actual injury before a plaintiff has a right to a judicial remedy for
negligence. See Armbruster, 857 S.W.2d at 940.
3.   According to Smith's medical records, attached to Bolen's affidavit and incorporated
by reference, Bolen in fact diagnosed the attachment clips as defective on September 1, 1992,
and returned them to the manufacturer.
4.   Bradbury states "I have reviewed the dental records pertaining to [Bolen's] treatment
of [Smith]. I have also personally examined the dental work performed by [Bolen] on
[Smith]."
5.   An action for breach of an oral contract must be brought not later than four years after
the cause of action accrues. See Tex. Rev. Civ. Prac. & Rem. Code Ann. § 16.004 (West
1986); Lone Star Steel Co. v. Scott, 759 S.W.2d 144, 153 (Tex. App.--Texarkana 1988, writ
denied). Bolen argues that Smith's breach-of-contract claim is simply a recast of her negligence
cause of action, and because the claim relates to medical care or the results thereof by a health-care provider, the two-year statute of limitations applicable to medical malpractice claims should
apply. See Act § 1.03. Under the circumstances here, we need not resolve this issue to determine
the validity of summary judgment on Smith's contract claim.