**A.T. & T. COMMUNICATIONS, Appellant,**

v.

**Todd William GLASS and Harlan Hayes, Appellees.**

**No. 12–88–00266–CV.**

Court of Appeals of Texas, Tyler.

Dec. 29, 1989.

Rehearing Denied Feb. 22, 1990.

Snow Bush, Akin, Steele & Bush, Longview, for appellant.

Mark P. McMahon, Erskine & McMahon, Longview, for appellees.

RAMEY, Chief Justice.

This is an appeal from an action for damages arising out of an automobile accident. We affirm.

Appellant presents two points of error for review: (1) that the trial court erred in allowing expert testimony from a previously undisclosed expert witness, and (2) that there is "no evidence" to support the findings of the jury on past and future medical expenses.

■ There is no statement of facts herein. It is the appellant's duty to cause the statement of facts to be filed. Tex.R. App.P. 53(k). It likewise is the burden of the appellant to provide a sufficient record to show error requiring reversal. Tex.R. App.P. 50(d). Here, the "no evidence" point must be overruled because there is no statement of facts to review. *Lane v. Fair*

*Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683, 685 (1951).

■ Exclusion of the testimony of an undisclosed expert is subject to a good cause exception. *Gee v. Liberty Mutual Insurance, Co.*, 765 S.W.2d 394, 396 (Tex. 1989). Thus, the trial court was required to conduct a hearing to determine whether there was good cause for appellee's failure to appropriately apprise appellant of the expert witness. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987); Tex.R.Civ.P. 166b(6). Here, the undisclosed witness was allowed to testify. In the absence of a statement of facts it is presumed that the hearing was conducted and that the trial court found good cause. There is no record to demonstrate that the trial court abused its discretion in finding good cause. Appellant's first point of error is overruled.

■ In their response, appellees request an award of additional damages for appellant's filing of a "frivolous appeal." Tex. R.App.P. 84 grants this Court authority to assess such a penalty in an amount not to exceed ten (10) percent of the damages awarded if the appeal "has been taken for delay and without sufficient cause." Appellees argue that by bringing only points which require a statement of facts, the appeal lacks substance, and therefore was brought only for delay.

We disagree. This is not a case in which there was no attempt to file a statement of facts. Here, appellant actively sought leave to file the record by urging its motion to extend time to file statement of facts, and subsequently, its motion for reconsideration of appellant's motion for extension of time to file the statement of facts, which was supported by a court reporter's affidavit.

■ Rule 84 implicitly requires that the determination that an appeal is frivolous is made as of the time that the appeal is taken or perfected. This date was several weeks before the statement of facts was due to be filed.

We cannot say that as of the time appeal was perfected appellant's two assignments of error were made for delay and without sufficient cause. Absent the record, we are unable to assess the evidence point. The assignment complaining of the trial court's allowing expert testimony from an admittedly undisclosed witness is presently the subject of prolific appellate review. At the time this appeal was perfected, we cannot say that this was a frivolous point of error. *Trinity Universal Insurance Co. v. Farley,* 408 S.W.2d 776, 780 (Tex.Civ.App.–Tyler 1966, no writ).

Furthermore, in order to recover damages for a frivolous appeal, *appellees* have the burden of filing a complete record of the trial court proceedings. *Biard Oil Co. v. St. Louis S.W.R.Y., Co.* 522 S.W.2d 588, 591 (Tex.Civ.App.–Tyler 1975, no writ). This has not been done. Appellees' request for damages for delay is denied.

The judgment of the trial court is affirmed.