**WARFIELD ELECTRIC OF TEXAS, INC., Appellant,**

v.

**HARRY HINES PROPERTY VENTURE and Arthur P. James, Jr. Company, Appellees.**

No. 11–93–188–CV.

Court of Appeals of Texas, Eastland.

Feb. 3, 1994.

John D. Copeland, Wilson, White & Copeland, Dallas, for appellant.

Stephen Maxwell, Jameson & Maxwell, Fort Worth, for appellees.

## OPINION

DICKENSON, Justice.

Warfield Electric of Texas, Inc. filed a motion for sanctions against Harry Hines Property Venture and A.P. James Company pursuant to TEX.R.CIV.P. 13.

The trial court's final judgment was signed on March 17, 1993. There was no motion for new trial; consequently, the trial court's plenary power over this cause of action ended 30 days later. See TEX.R.CIV.P. 329b. The trial court heard the motion for sanctions on May 11, 1993, and awarded sanctions against both respondents for the sum of $66,186.90. On May 24, the trial court amended that order so that. it awarded sanctions against A.P. James Company only. On June 11, the trial court vacated that order and set it aside after finding that it was "without jurisdiction to enter the Order Awarding Sanctions." Warfield appeals. We affirm.[1]

### Background Facts

There is no statement of facts. The transcript shows that Harry Hines Property Ven-

[1]. This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX.

ture and A.P. James Company sued Warfield Electric of Texas, Inc. seeking damages of more than $829,000.00. The suit was based upon a lease agreement which Warfield denied signing. The case was tried in March of 1993, and the jury returned a verdict which (omitting the unanswered questions which were conditionally submitted, the instructions, and the definitions) reads in full as shown:

1. Did the Defendant, Warfield Electric, sign a written lease with the Plaintiff, A.P. James Company, which lease was later assigned to Plaintiff, Harry Hines Property Venture, pertaining to the property at 2625 Zelrich? Answer: <u>No</u>.

4. Did Plaintiff, Harry Hines Property Venture, foreseeably rely to its detriment on a promise by Defendant to occupy the premises at 2625 Zelrich? Answer: <u>No</u>.

7. Is the filing of this suit by A.P. James Company against Warfield Electric done in bad faith and for the purpose of harassment? Answer: <u>Yes (Bad Faith) and No (Harassment)</u>.

8. Was the purported lease on the Zelrich property false or an alteration? Answer: <u>Yes (False and Alteration)</u>.

The trial court rendered judgment on this verdict which provides in pertinent part that:

IT IS, THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Plaintiffs take nothing by this Suit, and the Defendant be in all things discharged and go hence without day. IT IS FURTHER ORDERED that Defendant take nothing on its Counterclaims.

None of the parties filed a motion for new trial. After the judgment was rendered, appellant filed its motion for sanctions. After a hearing more than 30 days after the judgment was signed, the trial court awarded sanctions against A.P. James Company for the sum of $66,186.90. Upon further consideration, the trial court vacated the order awarding sanctions, based upon its opinion that it did not have jurisdiction to enter that order.

GOV'T CODE ANN. § 73.001 (Vernon 1988).

### Principal Issue on Appeal

■ Appellant argues that the "only" issue on appeal is whether the trial court had jurisdiction to award sanctions after its plenary power had expired. Appellant states in its brief that:

> [T]here are two cases which appear to be directly in point and which are contradictory. *Hjalmarson v. Langley,* 840 S.W.2d 153 (Tex.App.—Waco 1992), supports Appellee in that it holds that the Court lost jurisdiction to enter an Award of Sanctions 30 days after entry of the judgment. *Wolma v. Gonzalez,* 822 S.W.2d 302 (Tex. App.—San Antonio 1991), holds that the fact that a Court's plenary power to alter a judgment may have expired does not affect the Court's jurisdiction to grant Rule 13 Sanctions. Appellant submits that *Wolma v. Gonzalez* is a correct statement of the law and that *Hjalmarson v. Langley* is incorrect.

We note that *Hjalmarson* discusses the opinion in *Wolma* at length. We agree with the Waco Court of Appeals' statements in *Hjalmarson v. Langley, supra* at 155, that:

> A court has no more power to act in sanction matters without jurisdiction than it does elsewhere. What is most troubling about the decision in *Wolma* is that it cannot be squared with established legal principles relating to jurisdiction. A court must have jurisdiction to act or its acts are void.
>
> \* \* \* \* \* \*
>
> A court loses jurisdiction of a cause once its plenary power expires.... A court cannot lose jurisdiction of a cause and yet still retain jurisdiction to act in that same cause.
>
> \* \* \* \* \* \*
>
> Texas recognizes inherent judicial power.... However, a court's inherent judicial power does not confer jurisdiction where none pre-exists by statutory or constitutional grant.

We hold that the trial court did not err when it vacated the order awarding sanctions.

Consequently, the sole point of error is overruled.[2] Appellant waited too late to seek sanctions; that motion should have been acted upon while the trial court had jurisdiction over the cause.

There is another reason why appellant cannot prevail on appeal. In the absence of a statement of facts, an appellate court must presume that the facts support the trial court's ruling on discretionary matters. See *A.T. & T. Communications v. Glass,* 783 S.W.2d 305 at 306 (Tex.App.—Tyler 1989, no writ), where the court cited TEX.R.APP.P. 50(d) and stated: "There is no record to demonstrate that the trial court abused its discretion [in ruling on a discovery sanction dispute]." Appellant's case is different from both *Hjalmarson* and *Wolma.* In those cases, sanctions were imposed. In this case, the sanctions were set aside. Consequently, appellant must show not only that the trial court had jurisdiction to impose sanctions, but also appellant must show that the trial court abused its discretion in refusing to impose sanctions.

### Scope of Rule 13

■ Appellee points out that, even if the trial court had inherent power to act upon the motion for sanctions after its judgment had become final, the facts do not fall within the provisions of Rule 13. We agree. That rule applies (1) to fictitious suits brought "as an experiment to get an opinion of the court" and (2) to false statements in pleadings "for the purpose of securing a delay of the trial." Neither of those situations are present in this case.

### Ruling of this Court

The judgment of the trial court is affirmed.

---

2. Appellant argues in its point of error that: "The Trial Court, after granting Defendant's Motion for Sanctions, erred in granting Plaintiffs' Motion for Reconsideration of Rule 13 Sanctions and vacating the prior Order granting sanctions."