**Robert VERA, M.D., Appellant,**

**v.**

**Maria Del Carmen PEREZ, Individually and as Personal Representative of the Estate of Edgar Fabian Galvan and Noe Galvan, Appellee.**

**No. 13-92-621-CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 4, 1994.

James W. Cannon, Jr., Gregory D. Jordan, Akin, Gump, Hauer & Feld, Austin, for appellant.

Kathryn Snapka, Law Offices of Kathryn Snapka, Kimberley Hall Seger, Pipitone, Schauer & Simank, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

**OPINION**

FEDERICO G. HINOJOSA, Jr., Justice.

Robert Vera, M.D., appeals from the trial court's denial of a motion for recovery of defense costs brought under TEX.R.CIV.P. 13. Because appellant presented his motion and obtained a ruling from the trial court after the court's plenary power had expired, we hold that the trial court's order is void and order it vacated.

On October 26, 1990, Maria Carmen Perez, individually and as the personal representative of Edgar Fabian Galvan, and her husband, Noe Galvan, sued Dr. Manuel Guajardo, the assisting physicians, and Brownsville-Regional Medical Center for malpractice allegedly arising from the delivery by cesarean section of their stillborn child, Edgar Fabian. Dr. Vera assisted in the delivery and was joined as a party defendant. After negotiations to nonsuit Dr. Vera failed, Dr. Vera filed a Motion for Summary Judgment on July 19, 1991 and an Amended Motion for Summary Judgment on August 29, 1991. After a hearing held on December 17, 1991, the trial court granted Dr. Vera's motion for summary judgment. Summary judgment was signed by the trial court on January 14, 1992.

It appears from the record that Dr. Vera filed his Motion for Recovery of Defense Costs on January 14, 1992, after the summary judgment was signed by the trial court. Thus, Dr. Vera had no claim for affirmative relief pending at the time the summary judgment was signed by the trial court. The trial court heard the Motion for Recovery of Defense Costs on May 8 and denied the motion by written order on July 16, 1992.

By his sole point of error, Dr. Vera contends that the trial court abused its discretion by failing to award reasonable defense costs pursuant to Rule 13. Dr. Vera argues that because the plaintiffs and their attorneys violated Rule 13 by bringing a groundless action in bad faith and for the purpose of harassment, the trial court was obligated to impose Rule 13 sanctions. *See also* TEX. R.CIV.P. 215-2b.

Ordinarily, we review the denial of a Rule 13 motion under an abuse of discretion standard. *Rodriguez v. State Dept. of Highways and Public Transportation,* 818 S.W.2d 503, 504 (Tex.App.—Corpus Christi 1991, no writ); *Homeowners Funding Corp. of America v. Scheppler,* 815 S.W.2d 884, 890 (Tex. App.—Corpus Christi 1991, no writ); *P.N.L. Inc. v. Owens,* 799 S.W.2d 439, 441 (Tex. App.—El Paso 1990, no writ). *See Cooter & Gell v. Hartmark Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) (applied abuse of discretion standard in reviewing FED.R.CIV.P. 11). However, we conclude that the trial court did not have jurisdiction to consider Dr. Vera's Motion for Recovery of Defense Costs.

The record reflects that Dr. Vera's Motion for Recovery of Defense Costs was presented to the trial court after the court's plenary power expired. We agree with the Eastland Court of Appeals' analysis in *Warfield Elec. v. Harry Hines Prop. Venture,* 871 S.W.2d 273, 275 (Tex.App.—Eastland 1994, no writ). *Accord Hjalmarson v. Langley,* 840 S.W.2d 153, 155-156 (Tex.App.—Waco 1992) (orig. proceeding); *Goad v. Goad,* 768 S.W.2d 356, 358 (Tex.App.—Texarkana 1989, writ denied), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). *But see Wolma v. Gonzales,* 822

S.W.2d 302, 303–304 (Tex.App.—San Antonio 1991) (orig. proceeding). We disagree with the San Antonio Court of Appeals' decision in *Wolma v. Gonzales* that a trial court can grant Rule 13 sanctions even though its plenary power has expired.

The Eastland Court of Appeals stated in *Warfield Elec.*, 871 S.W.2d at 275:

> We agree with the Waco Court of Appeals' statements in *Hjalmarson v. Langley, supra* at 155, that:
>
> > A court has no more power to act in sanction matters without jurisdiction than it does elsewhere. What is most troubling about the decision in *Wolma* is that it cannot be squared with established legal principles relating to jurisdiction. A court must have jurisdiction to act or its acts are void.
> >
> > * * * * * *
> >
> > A court loses jurisdiction of a cause once its plenary power expires.... A court cannot lose jurisdiction of a cause and yet still retain jurisdiction to act in that same cause.
> >
> > * * * * * *
> >
> > Texas recognizes inherent judicial power.... However, a court's inherent judicial power does not confer jurisdiction where none pre-exists by statutory or constitutional grant.

A motion brought under Tex.R.Civ.P. 13 must be presented and a ruling obtained from the trial court during the time that the court has jurisdiction over the cause. A trial court cannot impose Rule 13 sanctions on a losing party after the court loses jurisdiction. Because Dr. Vera presented his motion and obtained a ruling from the trial court after the court's plenary power expired, we hold that the trial court's order is void.

Even if the trial court had jurisdiction to consider and act on the Motion for Recovery of Defense Costs, we could not sustain Dr. Vera's point of error. Dr. Vera has failed to show that the trial court abused its discretion by refusing to grant the motion.

Dr. Vera contends that appellees' pleadings were insufficient to allege any specific acts of negligence on his part. The record does not reflect that Dr. Vera filed special exceptions to appellees' pleadings. An objection to a pleading defect is waived on appeal in the absence of special exceptions.[1]

Dr. Vera also contends that appellees failed to allege in their pleadings that he committed specific acts of negligence and that this is evidence that the pleadings were "groundless" or brought in bad faith or for the purpose of harassment. The record reflects 1) that the case was filed on October 26, 1990, just before limitations expired, 2) that Dr. Vera was served on March 21, 1991, 3) that Dr. Vera filed his motion for summary judgment on July 19, 1991, before discovery was complete, and 4) that appellees' counsel relied on the opinion of a consulting expert who could not determine if Dr. Vera was culpable without further discovery.

We cannot say that the trial court abused its discretion by refusing to award sanctions when there is some evidence to support the trial court's finding that the claim, when filed, was not groundless and was brought in good faith. Appellant's sole point of error is overruled.

Because we hold that the trial court's order denying appellant's motion to recover defense costs is void, we order it vacated.

1. *See Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993); *Roark v. Allen,* 633 S.W.2d 804, 809–810 (Tex.1982). Tex.R.Civ.P. 90, 91.