TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-94-00771-CV







Roy Schexnider and Christine Schexnider, Appellants



v.



Scott & White Memorial Hospital, d/b/a Scott & White Memorial Hospital; Scott &


 White Clinic, d/b/a Scott & White Clinic; Allan E. Nickel, M.D.; Emmet Mackan, M.D.;


 Elias J. Fanous, M.D.; Paul Wuthrich, M.D.; Thomas Coburn, M.D.; Wade Leon


 Knight, M.D.; Larry Price, D.O.; Randall W. Smith, M.D.; James C. Robinson, M.D.;


 G. B. Drake, M.D.; S. K. O'Sullivan, M.D.; J. M. Stoebner, M.D.; Franklin G. Pratt,


 M.D.; Mark E. Lawrence, D.O.; John P. Eberts, M.D.; Robert E. Fusselman, M.D.;


 Johnny L. Montgomery, M.D.; Troy H. Williams, M.D.; Jose Rodriguez, M.D.;


 Eberhard Samlowski, M.D.; Lea G. Naul, M.D.; Frederick W. Rupp, M.D.; 


William R. Carpenter, M.D.; Brenda Peabody, M.D.; Ben Chlapek, M.D.; 


Kenneth Kindle, D.O.; John R. Randall, D.O.; Russell J. Pischinger, M.D.; 


Michael L. Nipper, M.D.; James H. Heriot, M.D.; and 


George Martinez, M.D., Appellees







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 148,670-C, HONORABLE J. F. CLAWSON, JUDGE PRESIDING








 Plaintiffs Roy and Christine Schexnider appeal from a summary judgment rendered against
them in their medical-malpractice action against Scott & White Memorial Hospital, Scott & White Clinic,
Allen E. Nickel, and James H. Heriot, M.D. Robert D. Green, the Schexnider's attorney in the cause,
appeals from a $25,000 sanction imposed against him by the trial court under Rule 13 of the Texas Rules
of Civil Procedure. These matters have been before us previously.

 In our first opinion, we reversed the summary judgment against the Schexniders for want
of a record sufficient to support judgment against them as a matter of law; and because we believed a trial
court was powerless to impose Rule 13 sanctions in favor of non-parties--twenty-nine defendant
physicians who had been dismissed from the cause before filing their motion for sanctions--we reversed
the sanction order as an abuse of discretion. Schexnider v. Scott & White Memorial Hosp., 906 S.W.2d
659 (Tex. App.--Austin 1995). On writ of error, the supreme court affirmed our judgment insofar as it
reversed the summary judgment against the Schexniders. The supreme court reversed our judgment insofar
as it rested on our holding that the trial court was powerless to impose a Rule 13 sanction in the
circumstances indicated. The court remanded the cause to us to consider Green's remaining points of error
attacking the sanction order as an abuse of discretion. Scott & White Memorial Hosp., et al v.
Schexnider, 940 S.W.2d 594 (Tex. 1996). We refer to these opinions for particulars of the litigation not
set out herein.


THE SANCTION ORDER


 Rule 13 authorizes a trial judge to impose a monetary sanction, after notice and hearing,
upon an attorney who signs a pleading that is groundless and brought in bad faith or for the purpose of
harassment. The rule continues as follows:


Courts shall presume that pleadings, motions, and other papers are filed in good faith. No
sanctions under this rule may be imposed except for good cause, the particulars of which
must be stated in the sanction order. "Groundless" for purposes of this rule means no
basis in law or fact and not warranted by good faith argument for the extension,
modification, or reversal of existing law.



Tex. R. Civ. P. 13 (emphasis added).


 The sanction order in the present case states as follows:


The Court, after examining the pleadings, motions, and the evidence and hearing the
arguments of counsel, is of the opinion that [the Schexniders'] pleadings, notice letters, and
suit were groundless and brought in bad faith and for the purpose of harassment. . . . The
excuses offered are not supported by the facts. The Court further finds that there is good
cause for imposing sanctions against [Green] under Rule 13, Texas Rules of Civil
Procedure. The particular acts or omissions which justify sanctions and constitute good
cause for sanctions are: A groundless petition brought against the non-party movants that
is in bad faith and brought for the purpose of harassment.



 We interpret this order as imposing against Green a $25,000 sanction based upon the trial
judge's determination that Green filed a groundless petition against the twenty-nine defendant physicians
in bad faith and for the purpose of harassment, a determination made from the pleadings and motions on
file, evidence adduced at the sanction hearing, and argument of counsel at such hearing.


DISCUSSION AND HOLDINGS


 The sanction order is erroneous on its face for omitting to state the particulars upon which
the trial judge reached his conclusions of law expressed as "good cause," "groundless petition," "bad faith,"
and "brought for the purpose of harassment." We cannot know the facts found by the trial court upon
which these conclusions rest. As a result, meaningful appellate review is precluded "because the sanctioned
party [is] unable to overcome the presumption that the trial court found necessary facts in support of its
judgment." GTE Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex. App.--San
Antonio 1991, no writ); see also Campos v. Ysleta General Hosp., Inc., 879 S.W.2d 67, 70 (Tex. Civ.
App.--El Paso 1944, writ denied).

 In point of error eight, Green complains of the aforesaid error. He did not bring the error
to the attention of the trial judge and thus failed to preserve an appellate complaint in that regard. See
Marshall Land v. A.T. & S. Transportation, Inc., No. 3-96-00283-CV, slip op. at 3 (Tex.
App.--Austin June 5, 1997, no writ h.). We overrule point of error eight.

 In point of error seven, Green complains there is no evidence that he signed the petition
against the twenty-nine defendant physicians in bad faith or for the purpose of harassment. Green did not
appear at the evidentiary hearing. No witness testified regarding his mental state in signing the petition or
his reasons for doing so. Green argues on appeal that this void in the evidence precludes a conclusion of
law that he acted in bad faith or for the purpose of harassment. He cites in support of his contention
Karlock v. Schattman, 894 S.W.2d 517, 523 (Tex. App.--Fort Worth 1995, no writ), and decisions
cited therein. We do not interpret those decisions to mean that the elements of Rule 13 may be proved only
by direct evidence of bad faith or for the purpose of harassment. That interpretation would contradict the
basic principle approved by the supreme court in Smith v. Jungkind, 252 S.W.2d 596, 599 (Tex. Civ.
App.--Austin 1952, writ ref'd), namely that intent is generally "to be shown by the result of an act done,
words spoken about the act, together with all other facts and circumstances in evidence." Id. That is to
say, intent may be proved by circumstantial evidence as well as direct evidence.

 For the reason given previously, we cannot know the facts actually found by the trial judge
relative to bad faith and harassing purpose. (1) We observe, however, that the evidence adduced at the Rule
13 hearing permits a reasonable inference that the twenty-nine physician defendants had only an indirect
connection to the injuries made the basis of the Schexniders' suit, that Green joined them as defendants
without first ascertaining the basis of their liability by reasonable investigation, that he had reason to know
the mere filing of a malpractice claim against them would have a coercive effect upon them independent of
the merits of the claim, and that he had no actual basis for the claim because he dismissed all the twenty-nine by taking a non-suit. The reasonableness of the foregoing inferences is augmented by the fact that
Green did not testify regarding his reasons and purposes in signing the petition. See In re Sheppard, 815
S.W.2d 917, 921 (Tex. Spec. Ct. Rev. 1991) (litigant's failure to testify justifies inference that truth would
not have aided his case). In his brief to this Court, Green argues extensively for inferences contrary to
those described. The argument only emphasizes the fact that the trial judge was faced with conflicting
evidence and the inferences proper to be drawn therefrom; the argument does not establish a want of
evidence. We hold the inferences we have hypothesized are not unreasonable in light of the evidence and
justify the conclusions that Green signed the petition in bad faith and for the purpose of harassment. We
overrule point of error seven.

 In point of error nine, Green contends the trial judge was deprived of the discretionary
power to impose sanctions under Rule 13 because the twenty-nine physicians did not file special exceptions
to the petition that joined them as defendants. Nothing in Rule 13 or any authority we have discovered
imposes the condition suggested by Green. He refers us to the passage in Vera v. Perez, 884 S.W.2d
182, 184 (Tex. App.--Corpus Christi 1994, no writ), stating that "an objection to a pleading defect is
waived on appeal in the absence of special exceptions." Id. (emphasis added). Preservation of a claim
of error for appellate purposes is not the same as the condition for which Green contends. We overrule
point of error nine.

 In point of error ten, Green contends the twenty-nine physicians waived their right to
sanctions as a matter of law by failing to exercise their discovery rights and failing to file their motion for
summary judgment until after the lapse of two and one-half years from the date Green filed the petition that
named them as defendants. Waiver is essentially a question of intention. While the necessary intention may
be inferred from conduct, and implied to prevent fraud or inequitable consequences, we find in the record
no basis for such an inference or implication as a matter of law. We overrule point of error ten.

 In point of error eleven, Green contends the $25,000 sanction is unjust and excessive. He
points to no particular reason why this is so. Apparently he means the sanction is unjust and excessive for
all the reasons pointed out in points of error seven through ten. We have overruled those points of error
for reasons given previously. Following Green's premise in that regard, we overrule point of error eleven.

 We affirm the trial-court judgment imposing against Green the $25,000 sanction. We
remand the cause to the trial court for proceedings not inconsistent with our judgment or that of the supreme
court.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part on Remand

Filed: August 14, 1997

Publish
1. Two witnesses testified at the Rule 13 hearing. One was an individual employed by Scott and
White Memorial Hospital as "director of risk management," the other was the attorney for the twenty-nine
defendant physicians who prepared the motion for sanctions. They testified regarding the twenty-nine
physicians' connection to Schexnider's medical problems and how they were unrelated to the injuries made
the basis of his cause of action; the want of a reasonable investigation of that connection before Green
joined them as defendants; the coercive effect the mere filing of a medical-malpractice claim had upon such
defendants; and that Green had reason to know of that effect. Documents received in evidence at the
hearing included Green's letters to the physicians notifying them that the Schexniders intended to make a
claim against them, the particulars of the physicians' relationship to Schexnider's medical problems, records
from Green's litigation files, and documents filed in the litigation.



ctual basis for the claim because he dismissed all the twenty-nine by taking a non-suit. The reasonableness of the foregoing inferences is augmented by the fact that
Green did not testify regarding his reasons and purposes in signing the petition. See In re Sheppard, 815
S.W.2d 917, 921 (Tex. Spec. Ct. Rev. 1991) (litigant's failure to testify justifies inference that truth would
not have aided his case). In his brief to this Court, Green argues extensively for inferences contrary to
those described. The argument only emphasizes the fact that the trial judge was faced with conflicting
evidence and the inferences proper to be drawn therefrom; the argument does not establish a want of
evidence. We hold the inferences we have hypothesized are not unreasonable in light of the evidence and
justify the conclusions that Green signed the petition in bad faith and for the purpose of harassment. We
overrule point of error seven.

 In point of error nine, Green contends the trial judge was deprived of the discretionary
power to impose sanctions under Rule 13 because the twenty-nine physicians did not file special exceptions
to the petition that joined them as defendants. Nothing in Rule 13 or any authority we have discovered
imposes the condition suggested by Green. He refers us to the passage in Vera v. Perez, 884 S.W.2d
182, 184 (Tex. App.--Corpus Christi 1994, no writ), stating that "an objection to a pleading defect is
waived on appeal in the absence of special exceptions." Id. (emphasis added). Preservation of a claim
of error for appellate purposes is not the same as the condition for which Green contends. We overrule
point of error nine.

 In point of error ten, Green contends the twenty-nine physicians waived their right to
sanctions as a matter of law by failing to exercise their discovery rights and failing to file their motion for
summary judgment until after the lapse of two and one-half years from the date Green filed the petition that
named them as defendants. Waiver is essentially a question of intention. While the necessary intention may
be inferred from conduct, and implied to prevent fraud or inequitable consequences, we find in the record
no basis for such an inference or implication as a matter of law. We overrule point of error ten.

 In point of error eleven, Green contends the $25,000 sanction is unjust and excessive. He
points to no particular reason why this is so. Apparently he means the sanction is unjust and excessi