Alfred **GUTIERREZ** and Linda
Gutierrez, Appellants,

v.

Juanita A. **RODRIGUEZ**, Elizabeth
G. Camarillo, et al., Appellees.

No. 06–99–00141–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 10, 2000.

Decided Sept. 29, 2000.

559

William B. Connolly, Kara L. Croom, William B. Connolly & Associates, Houston, Paul P. Reginer, Jr., Houston, for appellants.

Gibbs Spiller, Spiller & Spiller, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Juanita Rodriguez, representing the eight children of Cecilio Gutierrez, filed a suit against Alfred Gutierrez, one of the eight siblings, and his ex-wife, Linda Vargas, seeking a judgment that the eight siblings owned a piece of property in fee simple and that Gutierrez and Vargas did not own the property.[1] The trial court granted judgment in favor of Rodriguez, from which the Gutierrezes appeal.

On appeal, the Gutierrezes contend

1. that the trial court misapplied the law and abused its discretion in determining that the property belongs in fee simple to all eight siblings,

2. that the evidence was legally insufficient to support the judgment, and

3. that the evidence was factually insufficient to support the judgment.

The Last Will and Testament of Cecilio Gutierrez was admitted to probate on July 3, 1990.

The Will devised a certain piece of real property as follows:

> if my wife should predecease me, or if she should not survive until six months after my death or until this Will is probated, whichever occurs earlier, then in any of those events, I give, devise and

---

1. The eight siblings will be referred to as Rodriguez or the siblings. Linda Vargas is also referred to as Linda Gutierrez in differ-

ent pleadings. For simplicity's sake, we shall refer to her and Alfred as the Gutierrezes.

bequeath all of my real property located at 2220 Hardy, Houston, Texas to my son, ALFRED GUTIERREZ and my daughter-in-law, LINDA GUTIERREZ, if my son, ALFRED GUTIERREZ, and my daughter-in-law, LINDA GUTIERREZ, should divorce, then in that event, I give, devise and bequeath all of my real property located at 2220 Hardy, Houston, Texas to ALL MY CHILDREN to share and share alike per stirpes.

Cecilio Gutierrez's wife predeceased him. After Cecilio's death, the other seven children signed special warranty deeds conveying their interests in the Hardy property to the Gutierrezes. At the time of Cecilio's death, Alfred and Linda Gutierrez were married. Alfred and Linda Gutierrez divorced on August 29, 1997. The other seven children of Cecilio then filed suit to have the special warranty deeds declared null and void due to the occurrence of a condition subsequent and to have the eight siblings declared the owners of the Hardy property.

*Misapplication of Law*

██ When a trial court determines legal principles, the trial court has no discretion to determine the law or to apply the law to the facts incorrectly. *Methodist Home v. Marshall,* 830 S.W.2d 220, 223 (Tex.App.-Dallas 1992, no writ). A trial court's determination of legal principles which control its ruling are reviewed by the appellate court with little deference. *Id.* A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

██ The Gutierrezes specifically challenge the trial court's conclusion of law # 3: "The property belongs in undivided fee simple interest to [the eight children of Cecilio Gutierrez]." Their contention is based on the trial court's determination that the phrase in Cecilio's Will devised the property in fee simple subject to a condition subsequent and that, when the Gutierrezes divorced, the fee was defeated and the eight children had a right to reenter the property, which they exercised.

██ When a grantor grants or devises a fee simple subject to a condition subsequent, the grantor retains the right of reentry and the right to terminate the grantor's estate if the condition occurs. *Deviney v. NationsBank,* 993 S.W.2d 443, 448 (Tex.App.-Waco 1999, pet. denied). In the present case, the grantor did not retain in himself the right of reentry and the right to terminate the fee if the condition occurred. Cecilio devised these rights in his Will to all eight of his children. Therefore, the Will devised a defeasible fee subject to executory limitation. *Deviney,* 993 S.W.2d at 451. The difference between a fee simple subject to a condition subsequent and a fee simple subject to executory limitation is what party has the right to reentry and to termination. In a fee simple subject to a condition subsequent, the grantor retains these rights. In a fee simple defeasible subject to executory limitation, the grantor gives these rights to a third party.

██ Also, when there is a fee simple subject to a condition subsequent and the condition occurs, the termination of the fee is not automatic; the grantor must exercise that right. *Id.* When there is a fee simple subject to executory limitation, the termination of the estate on the occurrence of the conditional event is automatic. *Id.*

██ When Alfred and Linda Gutierrez divorced, the condition set forth in the Will's devise of the Hardy property occurred. The right to reentry and termination of the fee simple would normally be automatic. However, the Gutierrezes pleaded the affirmative defense of estoppel by deed.

Estoppel by deed and the doctrine of after-acquired title are closely interrelated, and the terms are often used interchangeably. Black's Law Dictionary suggests that title which is acquired by the grantor who has previously attempted to convey

the title to the land which he did not own inures automatically to the benefit of the grantees. BLACK'S LAW DICTIONARY 61 (7th ed.1999). Black's Law Dictionary in defining estoppel by deed states that it prevents a grantor who does not have title at the time of the conveyance, but later acquires title, from denying that he or she had the title at the time of the transfer. BLACK'S LAW DICTIONARY 571 (7th ed.1999). The Texas Supreme Court has stated the doctrine of after-acquired title as,

> It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or against the estate which the deed purports to convey, as against the grantee and those claiming under him.

*Duhig v. Peavy–Moore Lumber Co.,* 135 Tex. 503, 144 S.W.2d 878, 880 (1940). It is difficult to ascertain a difference, if any, in these two concepts; they occur under the same situation and the results are the same.

At trial the Gutierrezes entered into evidence six documents, each entitled "Special Warranty Deed." [2] Each of these documents states that the grantor has "granted, sold, and conveyed" to the Gutierrezes the Hardy property. All of the deeds are signed, notarized, and contain a file stamp from the Harris County clerk stating that they were filed. The Gutierrezes contend that these deeds divested the remaining seven children of all interest in the Hardy property.

▓ The Texas Supreme Court has stated that "when a person competent to act has solemnly made a deed conveying not merely his interest had at the time, but a fee-simple estate, he shall not be allowed

to gainsay it, to the injury of those whom he has misled thereby." *Lindsay v. Freeman,* 83 Tex. 259, 18 S.W. 727, 729 (1892). Texas courts have also held that the after-acquired title doctrine and estoppel by deed apply not only to general warranty deeds, but also to special warranty deeds, such as in the present case. *Blanton v. Bruce,* 688 S.W.2d 908, 912 (Tex.App.-Eastland 1985, writ ref'd. n.r.e.), *citing Am. Republics Corp. v. Houston Oil Co. of Texas,* 173 F.2d 728 (5th Cir.1949). "For, as we have seen, where the grant is based on an affirmation of ownership and is a conveyance of title as opposed to a chance of title, there is an effectual estoppel at once raised to assert title in diminution of the grant whether the covenant of warranty is general or special, or, indeed there is no covenant of warranty at all." *Id.*

The trial court in its findings of fact acknowledged that the deeds exist and stated, "In September 1990, Mr. Gutierrez' children, excluding Alfred, and Elizabeth and Juanita in their individual capacities and as Co–Independent Executors, signed documents which purported to be Special Warranty Deeds in which they 'granted, sold and conveyed [the Hardy property]' to Alfred Gutierrez and Linda Gutierrez. The deeds were duly recorded."

Rodriguez interprets the trial court's language as determining that the deeds are not valid. We decline to follow this interpretation. The deeds, on their faces, are valid. The deeds are all signed, notarized, and file-stamped by the county clerk. The appellees never claimed that the deeds are invalid, only that they are null and void due to the condition subsequent.

▓ The parties in this case spend much time arguing if the deeds are valid and whose burden it was to prove their validity. First, Rodriguez never chal-

---

**2.** Elizabeth Camarrillo and Juanita Rodriguez were co-executors of their father's estate. The deed purporting to devise their interest in the Hardy property includes both of their names in both their individual capacities and as co-executors. This is why there are seven children signing deeds, but only six deeds.

lenged the validity of the deeds at the trial court level. Their petition never contested the validity of the deeds; it only requested that the deeds be declared null and void due to the occurrence of a condition subsequent. Rodriguez presented no evidence that there was any basis for the deeds to be considered invalid. Consequently, the issue of the validity of the deeds was never before the trial court and cannot be argued on appeal for the first time. Second, the deeds were entered into evidence without objection by Rodriguez. In fact, when her attorney was tendering his exhibits to the trial court, he commented that an additional exhibit was the deeds which the opposing counsel had in his possession. After the Gutierrezes' attorney offered the deeds into evidence, the trial court stated, "These are all agreed by both sides?" To which Rodriguez's counsel replied, "Yes." Third, Rodriguez contends on appeal that the Gutierrezes never proved up the documents; for example, that neither of the Gutierrezes identified the signatures on the deeds as that of each of the signors. The Gutierrezes did not need to do so. TEX.R. CIV. P. 93(7) requires that a party denying the execution of a document must file a verified pleading of their contentions. Absent such a verified pleading, the document is received into evidence as fully proved. *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex.App.-Dallas 1999, no pet.).

The deeds were facially valid, the validity of the deeds was never contested, and the deeds were entered into evidence without objection. The deeds divest the seven siblings of their contingent future interest in the Hardy property, and without a challenge to the validity of those deeds, there is no legal basis for the trial court to determine that the deeds were not valid.

The seven siblings signed deeds granting each of their interests in the Hardy property to the Gutierrezes, when in fact the seven siblings only had a future possibility of an interest in the property. While the condition occurred later that would

have given the seven siblings an interest in the property, the siblings are estopped now from claiming the property and from denying the validity of the deeds divesting them of their future interests in the land.

A trial court has no discretion to misapply the law. Here, the doctrine of estoppel by deed estops the seven siblings from asserting any right to the Hardy property. The trial court correctly held that the condition subsequent set forth in Cecilio Gutierrez's Will had occurred, but the trial court failed to apply the estoppel by deed doctrine to the deeds signed by the seven siblings.

We sustain appellants' first point of error.

Because the holding on appellants' first point of error is dispositive of the case, we will not address the remaining two points of error.

The trial court order determining that the Hardy property is owned by all eight siblings is reversed, and judgment is rendered for the Gutierrezes.