NO. 12-02-00317-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS



 

ALLEGHENY CASUALTY COMPANY,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION



 In this bond forfeiture case, the trial court granted summary judgment in favor of the State. 
One of the sureties, Allegheny Casualty Company ("Allegheny") appealed. In two issues, Allegheny
alleges defects in the State's summary judgment evidence. We affirm.


Background


 Allegheny is a bonding company located in Pennsylvania, but licensed to do business in
Smith County. It authorized Kirk Martin ("Martin") to sign bail bonds on its behalf in Smith
County. On May 23, 2001, Martin signed a bail bond as surety on behalf of Kenji Easter ("Easter"). 
On October 31, 2001, Easter failed to appear at his trial in the 114th Judicial District Court of Smith
County ("the court"). On February 26, 2002, the court signed a judgment nisi naming as sureties
Allegheny and Martin and ordering forfeiture of the bond. Both Martin and Allegheny filed general
denials in response. On June 14, 2002, the State filed its motion for a traditional summary judgment,
attaching the original bail bond of May 23, 2001 and the judgment nisi of February 26, 2002. The
record before us indicates that neither Allegheny nor Martin responded to this motion for summary
judgment. On August 6, 2002, the court entered judgment in favor of the State and against
Allegheny for $50,000.00, pre-judgment interest and costs of court. Allegheny filed a motion for
new trial which the court denied after a hearing. Allegheny then timely filed this appeal. 

 In two issues, Allegheny contends that because no surety signed Easter's bond, it is void and
the resulting variance between the bond and the judgment nisi was fatal to the State's case. 
Therefore, it argues, the State's evidence does not support the summary judgment. We will consider
these two issues together.


Standard of Review


 When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. 
Limestone Prod. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002). On appeal, the
movant must show there is no material fact issue and that the movant is entitled to judgment as a
matter of law. Id. Evidence which favors the movant's position is not considered unless it is
uncontradicted. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965). We review a summary judgment de novo. See Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994).


Analysis and Discussion


 It is well settled that the State's case in a bond forfeiture proceeding consists of the bond and
the judicial declaration of the forfeiture of the bond, which is the judgment nisi. Tocher v. State, 517
S.W.2d 299, 301 (Tex. Crim. App. 1975). Once the bond and the judgment nisi are introduced into
evidence, the State is entitled to a final judgment in a bond forfeiture matter. Hernden v. State, 865
S.W.2d 521, 523 (Tex. App.- San Antonio 1993, no writ). Once these have been established, the
defendant must then prove that one of the elements has not been complied with. Tocher, 517
S.W.2d at 301.

 In the record before us, the bail bond and the judgment nisi are properly attached as summary
judgment evidence to the State's motion for summary judgment pursuant to rule 166(a) of the Rules
of Civil Procedure. Tex. R. Civ. P. 166(a). Allegheny contends that Martin did not execute Easter's
bond. On the face of the bond in the record, we find Martin's signature as well as a certification by
a deputy sheriff of Smith County that Martin signed the bail bond in his presence. The record before
us further establishes that Martin was an agent of Allegheny for the purpose of executing bail bonds. 
 Under Texas Rule of Civil Procedure 93(7), when a claim is founded on the execution of a
written instrument and the defendant does not deny under oath the execution of the instrument, the
instrument shall be received in evidence as fully proved. Tex. R. Civ. P. 93(7); Boyd v. Diversified
Fin. Sys., 1 S.W.3d 888, 891 (Tex. App.- Dallas 1999, no writ); see also Gutierrez v. Rodriguez,
30 S.W.3d 558, 562 (Tex. App.- Texarkana 2000, no writ). In order to raise a fact issue concerning
the execution of a bond, the surety must file pleadings denying the execution of the bond under oath. 
See Swaim v. State, 498 S.W.2d 188, 192 (Tex. Crim. App. 1973).

 In the record before us, Allegheny did not file a verified pleading denying that Martin
executed Easter's bond or denying that Martin executed the bond on its behalf. Any matter
constituting an avoidance or affirmative defense must be pleaded. Tex. R. Civ. P. 94. Here
Allegheny only filed a general denial. The State's evidence regarding Allegheny's liability under
Easter's bond is therefore uncontradicted, and we must uphold the court's summary judgment.

 As part of its second issue, Allegheny contends that Martin did not follow the required
procedure to act as its attorney-in-fact when signing Easter's bond. This contention was only raised
by Allegheny in its motion for new trial. Whether to grant or deny a motion for new trial lies within
the sound discretion of the trial court, and the court's decision will not be disturbed absent a clear
abuse of discretion. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983). 

 We first note that Allegheny's motion for new trial was not verified even though it was
denying the authority of Martin to execute Easter's bond on Allegheny's behalf. See Tex. R. Civ.
P. 93(7). We further note that Allegheny has failed to file a reporter's record from the hearing on
its motion for new trial. In the absence of a reporter's record, it is presumed that the hearing was
conducted and that the trial court found good cause for ruling as it did. See A.T.&T.
Communications v. Glass, 783 S.W.2d 305, 306 (Tex. App.- Tyler 1989, no writ). Here there is
no record to demonstrate that the trial court abused its discretion in overruling Allegheny's motion
for new trial. Allegheny's issues one and two are overruled.






Conclusion


 We hold that as a matter of law the State was entitled to a summary judgment based upon the
uncontroverted evidence and that the trial court did not abuse its discretion in overruling Allegheny's
motion for new trial.

 The judgment of the trial court is affirmed.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered March 31, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


 (PUBLISH)