**Order filed April 13, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00343-CV

_____

### CLAUDIA S. DONALDSON, Appellant

### V.

### DAVID VAUGHN DONALDSON, Appellee

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM-59,221**

### O R D E R

Claudia S. Donaldson has filed in this court a motion in which she challenges an order of the trial court that relates to her indigence and ability to pay costs.[1] The trial court's order resulted from a motion for sanctions filed by the court reporter. In the order, the trial court also awarded attorney's fees in the amount of $1,200 to the court reporter, to be paid directly to the court reporter's "counsel of record," Mark Henry Dettman. We vacate the trial court's order.

---

[1]This court has the authority to rule on Claudia's motion pursuant to TEX. R. CIV. P. 145(g).

Claudia filed a timely notice of appeal in this cause from the divorce decree rendered by the trial court. She also filed an affidavit of indigence and a statement of inability to afford the payment of court costs or an appeal bond. The court reporter filed a contest to Claudia's claim of indigence, and the trial court set the matter for a hearing. Claudia filed a written objection to the hearing. During the indigence hearing, the trial court determined, pursuant to former Rule 20.1(i) of the Texas Rules of Appellate Procedure, that the hearing was not timely and that the assertions in Claudia's affidavit of indigence were deemed to be true.[2] The trial court ordered the court reporter to prepare a record for Claudia's appeal of the divorce decree.

Ten days later, the court reporter, "by and through her counsel of record," filed a motion for sanctions in the trial court pursuant to Rule 13 of the Texas Rules of Civil Procedure. The motion for sanctions was based upon the content of Claudia's written objection to the indigence hearing. In the written objection, Claudia, who is a member of the State Bar of Texas, made inappropriate comments and attacked the integrity of the trial judge.

Although we agree that Claudia's comments in her written objection cannot be condoned, we cannot uphold the order by which the trial court sanctioned Claudia for a violation of Rule 13, struck the documents related to her indigence, and set aside the January 13, 2017 order permitting Claudia to proceed without payment of costs. First, we observe that, at the time of its order on the motion for sanctions, the trial court had lost its plenary power over this cause. *See* TEX. R. CIV. P. 329b. A trial court has no jurisdiction to grant a Rule 13 motion for sanctions after its plenary power has expired. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996); *Price v. Price*, No. 02-14-00319-CV, 2015 WL 4652753, at *2–3 (Tex.

---

[2]We note that Rule 20.1 was amended effective September 1, 2016, prior to the date of the divorce decree, the affidavit of indigence, the contest, and the hearing on indigence.

App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.) (noting divorce court's limited continuing jurisdiction over QDRO and enforcement matters, but vacating sanctions order that did not relate to these matters and that was entered after plenary power expired); *Warfield Elec. of Tex., Inc. v. Harry Hines Prop. Venture*, 871 S.W.2d 273, 275 (Tex. App.—Eastland 1994, no writ); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 311 (Tex. 2000); *cf. Arndt v. Farris*, 633 S.W.2d 497 (Tex. 1982) (permitting sanctions pursuant to TEX. R. CIV. P. 621a related to postjudgment enforcement and discovery). We conclude that the trial court did not have jurisdiction to enter the sanctions order because its plenary power had expired; the sanctions order is therefore void. *See Price*, 2015 WL 4652753, at *2–3; *Warfield*, 871 S.W.2d at 275.

Second, even if the trial court had plenary power to enter the order, we can find no authority for the striking of an affidavit of indigence as a sanction for inappropriate comments made in a separate filing. *See* TEX. R. CIV. P. 13, 145, 215. Third, we can find no authority for a court reporter, as opposed to a party, to request sanctions against a party or for attorney's fees to be awarded to the court reporter as a sanction.

For the above reasons, we grant the relief requested by Claudia in her Rule 145(g) motion. We vacate the trial court's February 28, 2017 Order on Motion for Sanctions. As a result, the trial court's January 13, 2017 order, by which Claudia was permitted to proceed as an indigent—without the payment of costs—is reinstated. The Reporter's Record is now due for filing on or before May 15, 2017.

PER CURIAM

April 13, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.